Case: 1:23-cv-03349
Assigned To : Reyes, Ana C.
Assign. Date : 10/25/2023
Description: Pro Se Gen. Civ. (F-DECK)

N0.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
# WASHINGTON DC

| | |
|---|---|
| **IN RE CUAUHTEMOC PALMA BELTRAN** | **A 091 784 631** |
| **IN RE CUAUHTEMOC PALMA PEREZ** | **AA xx xxx xxx** |
| **IN RE FRANCISCO LOZANO** | **A 091 829 123** |
| **IN RE JOSE LUIS VAZQUEZ REYNOSO** | **A 019 083 680** |
| **IN RE JOSE REYES LUJAN TREVIÑO** | **A 022 856 021** |
| **IN RE LUIS GERARDO SILLER GONZALES** | **A 205 848 656** |
| **IN RE MARIBEL GONZALES** | **AA  x xxx xxx** |
| **IN RE MARISOL CHAIREZ PATIÑO** | **A 200 823 226** |
| **IN RE REINALDO FLORES** | **A 097 397 226** |
| **IN RE SALVADOR ALVARADO GALVAN** | **A 200 126 858** |
| **IN RE ONE MILLION JANE DOES/JOHN DOES** | **A xxx xxx xxx** |
| **Petitioner(s)** | |

## PETITION FOR A WRIT OF MANDAMAUS & PROHIBITION

**Petition for Writ of Mandamus and Prohibition to the United States Department of Justice Immigration Court[s]-BIA/US AG-US Marshalls-Department of Homeland Security Secretary Alejandro Mayorkas-Secretary of State Blinken-USCIS U.S. Consulate at Monterrey City- Ciudad Juarez, Nuevo Laredo City Mexico, Tegucigalpa, Honduras, et al., [Respondents]**

**Cuauhtemoc Palma Beltran
Cuauhtemoc Palma Perez
Jose Luis Vazquez Reynoso
Jose Reyes Lujan Treviño
Luis Gerardo Siller Gonzales
Maribel Gonzales
Marisol Chairez Patiño,
Reinaldo Flores, et al.,
6541 Cereus Ct.
Laredo Texas 78043
Ph # (956) 6292811
Email. proselitigants1972@gmail.com**



RECEIVED
Mail Room

OCT 25 2023

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**Oral Argument Requested**

Case: 1:23–cv–03349
Assigned To : Reyes, Ana C.
Assign. Date : 10/25/2023
Description: Pro Se Gen. Civ. (F–DECK)

N0. _____

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
# WASHINGTON DC

| | |
|---|---|
| **IN RE CUAUHTEMOC PALMA BELTRAN** | **A 091 784 631** |
| **IN RE CUAUHTEMOC PALMA PEREZ** | **AA xx xxx xxx** |
| **IN RE FRANCISCO LOZANO** | **A 091 829 123** |
| **IN RE JOSE LUIS VAZQUEZ REYNOSO** | **A 019 083 680** |
| **IN RE JOSE REYES LUJAN TREVIÑO** | **A 022 856 021** |
| **IN RE LUIS GERARDO SILLER GONZALES** | **A 205 848 656** |
| **IN RE MARIBEL GONZALES** | **AA  x xxx xxx** |
| **IN RE MARISOL CHAIREZ PATIÑO** | **A 200 823 226** |
| **IN RE REINALDO FLORES** | **A 097 397 226** |
| **IN RE SALVADOR ALVARADO GALVAN** | **A 200 126 858** |
| **IN RE ONE MILLION JANE DOES/JOHN DOES** | **A xxx xxx xxx** |
| **Petitioner(s)** | |

## PETITION FOR A WRIT OF MANDAMAUS & PROHIBITION

**Petition for Writ of Mandamus and Prohibition to the United States Department of Justice Immigration Court[s]-BIA/US AG-US Marshalls-Department of Homeland Security Secretary Alejandro Mayorkas-Secretary of State Blinken-USCIS U.S. Consulate at Monterrey City- Ciudad Juarez, Nuevo Laredo City Mexico, Tegucigalpa, Honduras, et al., [Respondents]**

**Cuauhtemoc Palma Beltran
Cuauhtemoc Palma Perez
Jose Luis Vazquez Reynoso
Jose Reyes Lujan Treviño
Luis Gerardo Siller Gonzales
Maribel Gonzales
Marisol Chairez Patiño,
Reinaldo Flores, et al.,
6541 Cereus Ct.
Laredo Texas 78043
Ph # (956) 6292811
Email. proselitigants1972@gmail.com**

**Oral Argument Requested**

# I. CERTIFICATE OF INTERESTED PERSONS

In Re Cuauhtemoc Palma Beltran; In Re Cuauhtemoc Palma Perez; In Re
Francisco Lozano; In Re Jose Luis Vazquez Reynoso; In Re Jose Reyes Lujan
Treviño; In Re Luis Gerardo Siller Gonzales; In Re Maribel Gonzales; In Re
Marisol Chairez Patiño; In Re Reinaldo Flores; In Re Salvador Alvarado Galvan;
In Re One Million Jane Does; In Re One Million Jane Does

The undersigned Petitioners and Relator certify that the foregoing listed

persons and entities, (as described in the fourth sentence of the Local Circuit Rule

and FRAP 28.2.1 as supersede authority over the District Court and for

preservation of record) and District Court itself have an interest in the outcome of

this case. These representations are made in order to the judges of this court may

evaluate possible disqualification or recusal.

| | |
|---|---|
| Cuauhtemoc Palma Beltran, | 6541 Cereus Ct. |
| Cuauhtemoc Palma Perez | Laredo, Texas 78043 |
| Francisco Lozano | (956) 6292811 |
| Jose Luis Vazquez Reynoso | (210) 6093593 |
| Jose Reyes Lujan Treviño | proselitigants1972@gmail.com |
| Luis Gerardo Siller Gonzales | |
| Maribel Gonzales | |
| Marisol Chairez Patiño | |
| Reinaldo Flores, et al, | |
| Petitioners Pro Se | |
| | |
| DHS ICE Office of the Chief Counsel | 606 South Olive Street 8th Floor |
| (Respondents) | Los Angeles CA 90014 |
| | |
| DHS ICE Office of the Chief Counsel | 100 Montgomery Street Suite 200 |
| (Respondents) | San Francisco CA 94104 |
| | |
| DHS ICE Office of the Chief Counsel | 1215 Jackson Keller Rd #200 |
| Yolanda Rodriguez, et al | San Antonio, Texas 78213 |
| (Respondents) | |

Marcelo Ebrard Casaubon
Mexican Secretary of Foreign
Affairs

Plaza Juarez N0. 20 Piso 22
Delegacion Cuauhtemoc
C.P. 06010 Mexico D.F.
Ciudad de Mexico

The International Legal Office
of the Entrepreneur-Philanthropist
& Human Rights Reporter
Mr. Reinaldo Flores
(Petitioner-Relator)

1819 Gutierrez
Nuevo Laredo, Tamaulipas St. 1000
Mexico 88000 [mailing address]
Phone N0. +52 867 3909390
Phone N0. +52 867 1411808
Phone N0. (956) 6292811 US Line
proselitigants2023@gmail.com

Social Security Administration
Commissioner Killolo Kijakazi
(Respondent)

6401 Security Boulevard,
Baltimore, MD 21235

USCIS
Respondents

300 N. Los Angeles St. Room 7631
Los Angeles CA 90012

USCIS
(Respondent)

Nebraska Service Center
850 S. St. Lincoln, NE 68508

U.S. Department of Justice
Board of Immigration Appeals
David H. Wetmore
Charles Adkins
Garry D. Malphus
Katharine E. Clark
Michael J. Creppy
Deborah K. Goodwin
Stephanie E. Gorman
(Respondents)

5107 Leesburg Pike
Falls Church VA 22041

U.S. Department of Justice
Immigration Court
(Respondent)

2009 West Jefferson Avenue, Ste 300
Harlingen Texas 78550

*ii*

U.S. Department of Justice  
Immigration Court  
Cynthia LaFuente Gaona, et al.,  
(Respondents)

800 Dolorosa Street Suite 300  
San Antonio Texas 78207

U.S. Department of Justice  
Immigration Court  
Daniel Caudillo  
Kanellakos Thanos, et al.,  
(Respondents)

1406 Jacaman Road  
Laredo, Texas 78041

U.S. Department of Justice  
Immigration Court  
(Respondent)

Steward Immigration Court  
146 CCA, P.O. Box 248  
lumpkin, GA. 31815

U.S. Department of Justice  
Immigration Court  
(Respondent)

606 S. Olive Street  
Los Angeles CA 90014

U.S. Department of Justice  
Immigration Court  
(Respondents)

100 Montgomery St# 800  
San Francisco CA 94104

U.S. Marshals Service  
(Respondents)

312 N. Spring St. g23  
Los Angeles CA 90012

U.S. Department of Justice  
U.S. Attorney General  
Merrick Garland  
(Respondent)

Office of the Attorney General  
400 6th Street N.W.  
Washington D.C. 20001

U.S. Department of Justice  
Solicitor General of the USA  
Mrs. Elizabeth Prelogar  
Attorney for Respondent AG

Office of the Immigration  
Litigation  
950 Pennsylvania Avenue  
NW Washington DC 20530

U.S. Department of State
Secretary
Anthony Blinken
(Respondent)

2201 C Street NW
Washington DC 20520

U.S. Consulate at
Ciudad Juarez Ch. Mx
(Respondent)

Ave. Paseo de la Victoria  3650
Partido Senecu, 32543 Cd Juarez
Chihuahua, Mexico

U.S. Consulate at
Monterrey, NL MX
(Respondent)

Ave. Alfonso Reyes 148, Sin Nombre
de Col. 25, 66196
Santa Catarina NL MX

U.S. Consulate/Embassy at
Tegucigalpa, Honduras
(Respondent)

MDC Ave. La Paz
Tegucigalpa, Honduras
usahonduras.state.gov

Cuauhtemoc Palma Beltran
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph # (956) 6292811

Cuauhtemoc Palma Perez
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph # (956) 6292811

Francisco Lozano
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph # (956) 6292811

Jose Luis Vazquez Reynoso
Petitioner Pro Se
6541 Cereus Ct,
Laredo Texas 78043
Ph # (956) 6292811

Jose Reyes Lujan Treviño
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph# (956) 6292811

Luis Gerardo Siller Gonzales
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph # (956) 6292811

Maribel Gonzales
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph # (956) 6292811
Ph # (210) 6093593

Marisol Chairez Patiño
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph # (956) 6292811
Ph # (210) 6093593

Reinaldo Flores
Petitioner/Relator Pro
6541 Cereus Ct.
Laredo Texas 78043
Ph # (956) 6292811
Ph # (210) 6093593
Email. proselitigants1972@gmail.com

Salvador Alvarado Galvan
Petitioner Pro Se
C/o Ashly Alvarado
P.O. Box 605
Laredo Texas 78041

## II.    REQUEST FOR ORAL ARGUMENT

Petitioners/Relator respectfully request oral argument on this Petition for Writ of Mandamus and Prohibition via electronic hearing and Webex. See ***Spears v. McCotter,*** 766 F.2d 179 (5th Cir. 1985).

Oral argument will serve to preserve the integrity of these proceedings as noted in ***Matter of Jose Reyes Lujan Treviño*** A 022 856 021 cited by ***Jose Reyes Lujan Treviño v. Gutierrez, DHS ICE, Immigration Judges Cynthia LaFuente Gaona, et al.,*** 5th Cir. N0. 22-40929 (refiled on different jurisdiction and forum) Respondents San Antonio I.Js. having jurisdiction on said case, delegated a Master Hearing and case to Respondents I.Js. Caudillo and Thanos who were awaiting to entrap Movant American Citizen-Plaintiff Lujan Treviño, originally sentenced to the exile by an immigration judge at San Antonio, Texas and acting in collusion with private parties and evil purpose to steal Plaintiff´ millionaire assets and contracts for almost 20 years, all with evil purpose to bar Petitioner to legally return into his country the USA. Violating the Administrative Procedure Act (APA). 5 USC Sections 500 et seq. and due process secured by the 5th and 14th Amendments and Treaties. e.g. the U.N. Convention Against Torture.

In the instant case Petitioners/Relator have been irreparable injured and placed in jeopardy of limb or life by Respondents. Petitioners were forcible abducted and restrained by Respondents whether from their dwelling at Los Angeles/San Francisco California, San Antonio Texas /Houston/Dallas Texas, or USA MX Border, et seq., while being persecuted until this very date. The District Court should Grant Oral Argument pursuant to Rule 12(e). Petitioners' available U.S. Phone number are (956) 6292811-(210) 6093593. And Mexican line +52 867 1411808.

## III.    TABLE OF CONTENTS

I.    CERTIFICATE OF INTERESTED PERSONS...................................i

II.   REQUEST FOR ORAL ARGUMENT.........................................vi

III.  TABLE OF CONTENTS...................................................vii

IV.   TABLE OF AUTHORITES................................................xi

V.    JURISDICTIONAL STATEMENT.......................................1

VI.   RELIEF SOUGHT.........................................................2

VII.  ISSUES PRESENTED....................................................7

VIII. PETITIONERS/RELATOR...............................................8

IX.   RESPONDENTS..........................................................20

    1. Board of Immigration Appeals Respondents...............................20

        a.  Matter of Jose Reyes Lujan Treviño......................................21
        b.  Matter of Jane Doe/John Doe...........................................21

    2.  Clerk(s) Immigration Courts...........................................22

    3.  DHS ICE Respondents................................................22

        a.  Alejandro Mayorkas
        b.  Yolanda Rodriguez
        c.  Caleb John Doe
        d.  Jane Doe

    4.  Immigration Judges Respondents......,...................................23

        a.  Cynthia LaFuente Gaona
        b.  Daniel Caudillo
        c.  Kanellakos Thanos
        d.  John P McPhaul
        e.  Jonh Doe/Jane Doe

    5.  Social Security Administration/Commissioner............................25
        a.  Denial of Social Security Benefits violates Double Jeopardy
            Principles..........................................................25

6. U.S. Attorney General Callous Disregard for the Law & Breach of
   Contract..............................................................27
   a. USA v. Rosales...............................................27
   b. USA v. Noe Gonzales Martinez...............................28
   c. Matter of Jose Reyes Lujan Treviño.........................28
   d. Ex Parte Manuel Rivera......................................29

7. USCIS Respondents´ Breach of Oath and callous disregard for
   Petitioners´ clear established rights. ...........................30
   a. Lujan Treviño USCIS I-601..................................31
   b. Petitioner/Relator U-Visa Application......................32
   c. US Consulate at Ciudad Juarez, Monterrey
      & Nuevo Laredo City Mexico Tampering of Record
      and Abuse of Office.......................................35
   d. Matter of Flores & US Consulate at Nuevo Laredo & Tegucigalpa,
      Honduras..................................................37
   e. U.S. Department of State Secretary Failure
      to Prevent-liability 42 USC Section 1985-1986.............38

8. U.S. Marshals Acting as Last Decision Makers...................38
   a. Matter of Cuauhtemoc Palma Beltran........................39

X.  FACTS NECESSARY TO UNDERSTAND THE
    ISSUES PRESENTED...............................................40

A. Respondents & RICO ACT.........................................42

B. Petitioners´ Motion for Reopen Immigration
   Proceedings.....................................................42

C. Petitioners´ Default Judgment Motion...........................43

D. Petitioners Challenged Action..................................44

   a. Respondents´ Spoliation, Concealment, Shredding,
      of Petitioners' Petitions and Motions Violated Petitioners'
      Fundamental Rights of access to Courts....................44

*viii*

    b.  Petitioners are entitled to Equitable Tolling of any time limit
        due to Respondents Fraudulent- Inequitable Conduct
        as Shown by the lack of notice. 8 USC Section
        1229a(b)(5)(C)(ii)...................................................................45
    c.  CFR Section 404.464.............................................................46
    d.  Petitioners are Entitled to be free of Double Jeopardy................47
    e.  Petitioner are Entitled to be Free of Ex Post Facto Law...............48
    f.  Respondents Violated Petitioners´ UNCAT............................48

XI.     REASONS WHY THE WRIT SHOULD BE ISSUED.....................49
   a. Respondents Duties are Mandatory not Discretionary.........................49
   b. Purpose of the INA...................................................................49

XII.    CONCLUSION & PRAYER......................................................51

XIII.  CERTIFICATE OF SERVICE..................................................57

# APPENDIXES

**Appendix A**
1. Petitioners´ Chairez Patiño Pro Se Motion for Reopen Immigration Proceedings.
2. Respondents´ Immigration Court San Francisco CA Rejecting Filing of Motion to Reopen
   Petitioners´ Patiño Default Judgment Motion

**Appendix B**
3. Petitioners´ Palma Beltran Default Judgment Motion, pursuant the Underlying M.R. and Certified US Postal Service Receipt of Said Motion to Reopen Filled on
4. Respondents US Consulate Deprivation of B1 Visa/Redress Application Never Ruled/Motion to Reopen Immigration Proceedings in the Mater of Luis Gerardo Siller Gonzales

**Appendix C**
5. Petitioner Human Rights Reporter´ Mr. Flores False Trial and Acquittal
6. Appeal & Pro Se Representation of Double Jeopardy Misdemeanor, Illegally Enhancement Obtained by Concealment of Police Report Brady Material Evidence
7. Respondents´ Criminal Partners Lawyer **George A. Eastland** Statement in 2012cr1969-Open Jury Trail Requesting the Trial Court and Jurors to Convict his Client on all Counts to the Double Jeopardy Indictment.
8. Reynaldo Flores v. Respondents´ Criminal Partners Flores v. SAPD
9. Ex Parte Manuel Rivera false Indictment and Habeas Petition [filed by Relator]
10. USA Lawyers quid pro quo, demanding Sexual Favors in Exchange for Legal Misrepresentation
11. Respondents´ Criminal Partners Dishonest & Incompetent Judges, Attorneys & Public Officials

**Appendix D**
12. Los 100 Tablazos. [100 Beats Inflicted with a 2x4x4 Wooden Stud] A Form of Physical Punishment Inflicted by Respondent AG to their Immigrant Victims.

In Re Noe Gonzales Martinez 5th Cir. N0. 23-40069.

x

Consolidated Appeals In Re Martinez/In Re Moreno (Concealed by
Respondents´ Criminal Partners)

**Appendix E**

13. Statement of USA District Attorney how to Secure a False Indictment. **By
Aviva Stalh/Alter Net.** Respondents´ Criminal Partners Statement
[Statement of Harris County DA] and Modus Operandi, How Respondents
Entrap their Victims on False Imprisonments-Coercion-Torture and False
Trials

14. Harris County DA´ Statement and Respondents´ Modus Operandi on false
Arrests, Coercion-Torture, and False Draconian Convictions in USA

**Appendix F**

15. NOA I-797 Petitioner Alvarado Galvan Petitions USCIS I-130 Application
16. State of Ohio Birth Certificates Alvarado´s Children
17. Petitioner Jose Reyes Lujan Social Security Statement and Denial of SS
Benefits/Certificate of Death of Petitioner´s Biological Mother Mrs. Maria J.
Treviño
18. Lozano Social Security Statement
19. Petitioner Certiorari in Francisco Lozano v. US AG N0 23-5084

**Appendix G**

20. **The Shame of the America´s Gulag,** by Chris Hedges. Affirming
Respondents Criminal Operations and Gross Violation of Human Rights.
**USA Crime Enforcement Officers Conviction to Money Laundering
Diplomatic Immunity Stripped from DEA Agents in Mexico**

# IV.   TABLE OF AUTHORITIES

**Page**

Alejandro Castillo Treviño v. Garland, 5th Cir. N0. 21-60820.......................10

Alvaro Casillas Villareal v. USA, 2:2022CV09069.....................................39

Arizona v. Gant, 556 US 332 (2009)....................................................10

Ass´n of Data Processing Ser. Orgs. Inc., v. Camp., 397 U.S.
at 153-54 (1970)...................................................................1

Avena and Other Mexican Nationals, Mexico v. USA, CIJ...........................17

Bivens v. Six Uknown Named Agents, 403 US 388(1971)...........................24

Brady v. Maryland, 383 US 83 (1963)................................................16

Bell Atlantic Corp., v. Twombly, 550 US 544 (2007)................................17

Beazell v. Ohio, 269 US 167 (1965)..................................................48

Busquets Ivars v. Ashcroft, 333 F.3d 1008, 1010 (9th Cir. 2003)....................45

Carter v. Seamans, 411 F.2d 767 (5th Cir. 1969) Cert. Denied,
397 U.S. 941 (1970)................................................................1

Decatur v. Paulding, 39 U.S. (1 Pet.) 496 514-17 (1840)............................1

Ex Parte Manuel Rivera, 2013cr4809-W1.............................................29

Francisco Lozano v. U.S. Attorney General Merrick Garland, 23-5084..............3

Gerstein v. Pugh, 420 US 103 (1975)..................................................30

Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992)..........................1

Hamazaspyan v. Holder, 590 F.3d 744 (9th Cir. 2009)...............................43

In Re Bing Chih Kao A 070 465 645..................................................32

In Re Jose David Moreno, 5th Cir. N0. 23-40067.................................19,34

In Re Mei Tsui Ling A 075 474 902..................................................32

In Re Michael W. Morton, AP 76,663..................................................7

Irma Ruiz Ramirez v. El Chalala, et al, 5th Cir. N0. 23-40055......................11

*xii*

# TABLE OF AUTHORITIES

**Page**

Jacobson v. USA, 503 US 540 (1992)……………………………………….39

Jose Reyes Lujan Treviño v. DHS ICE, CBP, et al., 5th Cir 22-40229……………..2

Judulang v. Holder, 565 US 42 (2011)………………………………….3,21

Kamalthas v. INS, 251 F.3d 1279 (9th Cir. 2001)………………………………..7

Khan v. Ashcroft, 374 F.3d 825, 828 (9th Cir. 2004)………………………………...43

Kiobel v. Dutch Royal Petroleum Co., 569 U.S. 108 (2013)………………………1

Kukana v. Holder, 558 US 233, 242, 253 (2010)…….…………………………..42

Lewis v. Casey, 518 US 343 (1996)……………………………………….22

Lopez v. Gonzales, 549 US 47 2006……………………………………….4,23

Lugo Resendez v. Lynch,831 F.3d 337(5th Cir. 2016) ……………………....…10

Lynch v. Cannatella, 810 F.2d 1363 (5th Cir. 1987)………………………………44

Matter of Alejandro Castillo Treviño A 018 950 320………………………….21,23

Matter of Jose Reyes Lujan Treviño A 022 856 021………….…..…………….3,12,21

Matter of Luis Gerardo Siller Gonzales A 205 848 656…………………………..34

Matter of Peña Diaz A 030 568 827 DEC#3225……………………………….25

Matter of Pilch, 21I&627 (BIA 1996)……………………………………….32

Martinez v. City of Los Angeles, 50

Menominee Indian Tribe of Wisconsin v. USA, 577 US 250 (2016)……………..13

Miller v. Sessions, 889 F.3d 998 (9th Cir. 2018)………………………………….6,45

Montana Department of Rev., v. Kurt Ranch, 511 US 767 (1991)………………..26

Morales Santana v. Sessions, 582 S. Ct_ (2017)…………………………………11

Nat´l Credit Union Admin. V. First Nat´l Bank & Trust Co., 522 U.S. 479, 492(1998)……………………………………………………….............1

## TABLE OF AUTHORITIES

**Page**

Padilla v. Kentucky, 559 US 356 (2010)..................................................................14

Pamela Anai Carrillo v. Texas Juvenile Justice Department et al.,
USDC SDTX McAllen Division N0. 7:23cv307...................................4,18

Pereira v. Sessions, _U.S._138 s. Ct. 2105 (2018)........................................5

Reyes Mata v. Lynch, 576
US_(2015).........................................................42Reynaldo Flores v. SAPD,
Bexar County District Attorney, Susan D. Reed,
et al 2:14cv 283........................................................................3,16

Reynaldo Flores v. Texas, 04-12-794—CR.................................................16

Siggers El v. Barlow, 433 F. Supp. 2d 811 (E.D. Mich. 2006)........................40

Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985)......................................24

Tower v. Glover, 467 US 914 (1984).........................................................16

USA v. Cuauhtemoc Palma Salazar, USDC CDCA N0. 02-01131-JFW.............3

USA v. Halper, 490 US 435 (1989)...........................................................48

USA v. Rosales USDC DC AZ N0, 4:03cr809-RCC-JC...............................33

USA v. TRUMP (1.23-cr-00257)(DDC)........................................................42

USA v. Vicente Alvarado Valdez, 521 F.3d 337 (5th Cir. 2008)....................9,35

West v. Atkins, 487 US 42 (1988)..............................................................17

Wilson v. Seiter, 501 US 294 (1991)..........................................................27

Wilson v. State, 311 SW 3d452 (Tx Crim. App. 2010)..................................7

## Federal Statutes

All Writs Act, 28 USC Section 1651(a).......................................................1

CFR Section 404.464............................................................................7,25

CFR 9 FAM 402.6-1.............................................................................31

*xiv*

## TABLE OF AUTHORITIES

**Page**

Criminal Resource Manual DOJ Section 602 ……………………………………19

Federal Rule of Civil Proc. 8(a)…………………..………………………………...6

Federal Rule of Civil Proc. 23……………………………………………………17

5 USC Section 500-502 FOIA……………………………………………………4,14

5 USC Section 706(a)(2) APA……………………………………………………21

8 USC Section 1003.23 (a)(b)(1)(i)(ii)(iii)……………………………………24

8 USC Section 1003.32……………………………………………………………24

8 USC Section 1229a(c)(7)(a)(C)(7)……………………………………………42

8 USC Section 1229a (C)(5)(C)(ii)(2)…………………………………………8,25

8 USC Sectio 1326………………………………………………………………24

18 USC Section 1961-1962………………………………………………………42

28 USC Section 751………………………………………………………………22

28 USC Section 956………………………………………………………………22

28 USC Section 1450………………………………………………………………22

28 USC Section 1350………………………………………………………………1,12

28 USC Section 1361………………………………………………………………1

28 USC Section 1746………………………………………………………………57

42 USC Section 1983, et seq……………………………………………………8

INA Section 101(a)(15)(B)(i)(C)(i)……………………………………………9,12,34

INA Section 101(a)(15)(U)(i)……………………………………………………36

INA 204(A)(1)………………………………………………………………………32

INA 214 (3)(A)(B)…………………………………………………………………29

INA 1401(a)(7)……………………………………………………………………11

*xv*

# TABLE OF AUTHORITIES

**Page**

## CONSTITUIONAL PROVISIONS

Article I Sections 9,10 USCA……………………………………………………….48

Article III USCA………………………………………………………………… 1

Cruel and Unusual Punishment Clause………………………………………43

Due Process Clause……………………………………………………………43

Double Jeopardy Clause………………………………………………………47

First Amendment USCA………………………………………………………3,19

Fourth Amendment USCA……………………………………………………10,29

Fifth Amendment USCA………………………………………………………6,43,46

Eighth Amendment USCA……………………………………………………26,46

Fourteenth Amendment USCA………………………………………………27,44

## TREATIES

Art. 3.1 United Nations Convention Against Torture…………………………7,18,27

Art. 36 Paragraph 1 (b) Viena Convention………………………………….18

Art. 1-30 U.N. Declarations of Human Rights…………………………………50

## OTHERS

83th -84th Texas Legislature HB 904 By Lamar Smith……………………………6

## V.    JURISDICTIONAL STATEMENT

Jurisdiction of this court is invoked under all Writs Act, which provides in relevant part that all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable and usage and principle of law. 28 USC Section 1651(a).

Petitioner has Article III standing, a requirement for a court to exercise jurisdiction. *Ass´n of Data Processing Ser. Orgs. Inc., v. Camp.*, 397 U.S. at 153-54 (1970); *Giddings v. Chandler,* 979 F.2d 1104, 1108 (5th Cir. 1992) (discussing zone of interest test in considering a mandamus claim) *the zone of interest test requires* that the interest sought to be protected by the complainant.........arguably or regulated by statute or Constitutional guarantee in question. This *test,* is a two part inquiry. *First,* the court must determine what interests the statute arguably was intended to protect, and *Second*, the court must determine whether the Plaintiff´s interests affected by the agency action in question are among them. *Bangura v. Hansen,* 434 F.3d 487, 499 (6th Cir. 2006) (quoting *Nat´l Credit Union Admin. V. First Nat´l Bank & Trust Co.*, 522 U.S. 479, 492 (1998).

The District Court has jurisdiction on this Petition pursuant to 28 USC Section 1361 to compel Respondents to perform a duty owed to Petitioner. *Decatur v. Paulding,* 39 U.S. (1 Pet.) 496 514-17 (1840). See also *Carter v. Seamans,* 411 F.2d 767 (5th Cir. 1969) Cert. Denied, 397 U.S. 941 (1970).

The District Court has Jurisdiction under 28 USC Section 1350. Aliens´ Action for Tort. Citing U.N. Convention Against Torture. *Kiobel v. Dutch Royal Petroleum Co.,* 569 U.S. 108 (2013).

1.

## VI.  RELIEF SOUGHT

Petitioners are formerly or currently admitted Petitioners into the United States, whether Paroled, Conditional Residents, Legal Permanent Residents or B1-B2 Cardholders or USA Citizens, seeking relief on their current immigration cases, petitions, or applications. Whether concealed, delayed, destroyed, tampered or spoliated by Respondents, denying Petitioners´ clear established right to due process and denied of access to counsel as secured by the Sixth Amendment as applicable through the Fifth Amendment to immigration cases. Petitioners have no adequate remedies on their current Petitions and Applications, nor on their prima facie cases and suits. See ***Jose Reyes Lujan Treviño v. DHS ICE, CBP, et a,*** 5th Cir 22-40229.

Petitioner Cuauhtemoc Palma Beltran, and his child Petitioner Cuauhtemoc Palma Perez, have been targeted and persecuted by Respondents, by forcible abducting Petitioner Palma Beltran from his dwelling at Los Angles California and deported to Mexico without Notice of Appear before an Immigration Judge.

Petitioner Palma Beltran is seeking an order from this Court to compel Respondents Immigration Court Los Angeles District to promptly rule on his timely filed Motion to Reopen Immigration Proceedings;

Petitioner seeks an order for this court to compel Respondent Social Security Administration to discharge its statutory obligation to provide due process and benefits to Petitioner(s).

Petitioner Palma Beltran seeks an order from this court to compel Respondents US Marshalls to remove his picture as wanted fugitive in a Dismissed case and Indictment instituted against a deceased defendant back on May 2010

2.

murdered by Respondents´ criminal partners. *USA v. Cuauhtemoc Palma Salazar,* N0. 02-01131 JFW. (a direct order was entered on May 6th 2022, by Federal District Judge John F. Walter). Petitioner and his family are entitled to be free of false light and libel;

Petitioner Cuauhtemoc Palma Perez, seek an order from this court to compel Respondents US Consulate in Monterrey, Nuevo Leon Mexico, to provide due process on his unrelinquished legal admission into the USA on the deprivation of his admission and Visa B1-B2. applying in *lieu* INA Section 101(a)(15)(B).

Petitioner **Francisco Lozano** seeks an order from this Court to compel Respondents I.J. Lumpkin GA to rule of his Motion to Reconsider and furnish Petitioner the original US Postal receipt which will reveal that Petitioner never has been served with ruling on his M.R. Petitioner also seeks relief and order from this court compelling Respondent SSA to provide due process and pay Social Security benefits and contributions as earned on his entire productive life.

Petitioner **Jose Reyes Lujan Treviño** seek an order from this District Court to compel Respondents I.J. and Clerk of Immigration court, and I.J.s Laredo Texas to produce record on the former Master Hearing dated September 14th 2022, pursuant the Federal Provision of Title 5 Section 500-502 et seq.

Petitioner is seeking an order to compel Respondents Board of Immigration Appeals BIA to promptly rule on his Appeal in **Matter of Jose Reyes Lujan Treviño** A 022 856 021.

Petitioner seeks an order from this Court to compel Respondent(s) Social Security Commissioner to discharge its statutory-Constitutional obligations and

3.

serve our American Citizens elders and Petitioner(s) by providing benefits and pay the contributed funds to which Petitioner(s) are entitled. Otherwise constitute a flagrant Double Jeopardy and violation to the Cruel and Unusual Punishment under the 5th and 8th Amendments and Treaties under Art 3 of the U.N. Convention Against Torture.

Petitioner seeks an order from USCIS to provide a legal entry into the USA pursuant his USCIS I-601 Application and already paid outrageous filing fee. Which demonstrates that Petitioner is an abroad American Citizen.

Petitioner seeks an order from this court to compel the US Consulate at Ciudad Juarez Mexico, to provide due process and relief on his application for Social Security benefits as unique Consulate authorized by Social Security Administration to provide relief.

Petitioner Jose Luis Vazquez Reynoso seeks an order form this court to compel Respondents Immigration Judges San Antonio, Texas District and Clerk of Court to provide due process on his timely filed Motion to Reopen Immigration Proceedings pursuant to 8 USC Section 1229a (c)(7) and holding in ***Lopez v. Gonzales,*** 549 U.S. 47 (2006).

Petitioner seeks an order from this court to compel Respondent(s) Social Security Commissioner to provide Social Security Benefits and funds to Petitioner which Petitioner is entitled since 2012.

Petitioner **Luis Gerardo Garcia Siller** is seeking an order from this court to compel Respondents Immigration Court Harlingen Texas, to provide due process on his timely filed Motion to Reopen Immigration Proceedings. Supra.

4.

Petitioner is the father of an American Citizen child in need of emergency medical attention to which the minor is entitled under the USA Constitution. Petitioner was also deprived of his B1 Visa and unrelinquished legal admission. INA 101(a)(15)(B).

Petitioner **Maribel Gonzales** is seeking an order from this court to compel Respondents I.J. Daniel Caudillo, Thanos, Jane and John Doe to promptly rule on his timely filed Motion to Reopen Immigration Proceedings pursuant the Supreme Court holding in ***Pereira v. Sessions***. Infra.

Petitioner **Marisol Chairez Patiño**, is the biological mother of 3 American Citizens and spouse of the American Citizen Juan Carlos Talavera. Petitioner Patiño seeks an order from this court to compel Respondents DHS ICE, Immigration Court San Francisco, California to provide due process on her timely Motion to reopen Immigration Proceedings. And promptly rule on it.

Petitioner seeks an order form this court to compel Respondents USCIS and US Consulate Ciudad Juarez, Mexico. To provide due process as secured by the Fifth and Fourteenth Amendments USCA and Treaties on her current Application USCIS I-130 and B1-B2 Visa as deprived by Respondents DHS ICE and CBP at the port of entry San Francisco California, to which Petitioner has moved Respondents to provide due process on her M.R. pursuant to ***Miller v. Sessions,*** 889 F.3d 998 (9th Cir. 2018). **INA 101(a)(15)(B).**

Petitioner/Relator, **Reynaldo Flores** also known as Rey Flores in the American Judicial System. Relator is the Human Rights Reporter assisting Petitioners on claims of gross violation of Human Rights. Petitioner was forcible kidnapping at gun point by Respondents and criminal partners RICOMEN

and non-registered sex offenders San Antonio Police Officers R. Vara #2046, Valadez R., Frances Ochoa, et al. See **Appendix C-5-8.**

Petitioner Relator Mr. Reynaldo Flores seeks an order from this court to compel Respondents USCIS Nebraska and US Embassy at Tegucigalpa Honduras and Nuevo Laredo, Tamaulipas Mexico, to provide due process and relief on the former or current U-Visa Application USCIS I-918 [filed since 2017] as a victim several aggravated felonies, false imprisonment, torture, violation of civil and human rights **[FN.1]** Supra and again in *Flores v. SAPD BCDA et al.,* 2:14cv283. See Certificate of Acquittal. Petitioner was also acquitted on Count I to the false Indictment. Marked as **<u>Exhibit C-5.</u>** Petitioner solely purpose on this petition and suit is to reunite his 3 American Citizens children´s remains or if any possibility exists to find them alive in the Texas´ Gulag TDCJ or TJJD.

Petitioner **Salvador Alvarado Galvan** is a Mexican National currently married with an American Citizen and biological father of two American Citizen children. Petitioner and his wife Ashly Alvarado are seeking relief on their Petition USCIS I-130 and order from this court to compel USCIS and US Consulate at Ciudad Juarez, Mexico to rule on their Petitions.

Petitioner and American citizens family [currently living at Nuevo Laredo, Mexican Border since 2009] seek an order from this court to compel the Immigration Court Omaha, Nebraska to promptly rule on their Motion to Reopen

**FN.1**_____

Petitioner-Relator 2012cr1969 case was governed by the 83th Texas legislature. Cited by HB 904 by Lamar Smith of 84th Texas Leg. Said HB 904 was promoted by the shareholder of the terrorist organization of human trafficking Cartel Texas´ Gulag TDCJ Lamar Smith repealing the 83th Texas Legislature which states in pertinent part that any inmate sentenced to 10 years or less shall NOT be transferred to the Texas´ Gulag TDCJ while he pendency of a direct appeal.

Immigration Proceedings pursuant to Art. 3.1 of U.N. Convention Against Torture. *Kamalthas v. INS,* 251 F.3d 1279 (9th Cir. 2001)

Petitioners One Million Jane Does/One Million John Does, Francisco Lozano, Lujan Treviño, Vazquez Reynoso, et al., seek an order from this court to repeal the Code of Federal Regulations Section 404.464 challenging the unconstitutional vagueness and violation of both Double Jeopardy and Cruel and Unusual Punishment Clauses of the Fifth and Eighth Amendments and Due Process of Law and Treaties e.g. UNCAT.

## VII.  ISSUES PRESENTED

**Issue Number One.** Whether Petitioners are entitled to due process and be free of Double Jeopardy?

**Issue Number Two.** Whether Petitioner are entitled to be free of Ex Post Facto Law?

**Issue Number Three.** Whether the provision of Title 8 Section 1229a (b)(5)(C)(ii) provides a remedy on Petitioners´ Petitions and Motion to Reopen/Motion to Reconsider Immigration Proceedings?

**Issue Number Four.** Whether Respondents are violating the Statutory Provision of the INA Section 101(a)(15)(B) by arbitrary depriving Petitioners of B1 Visa status without due process?

**Issue Number Five.** Whether Respondents are violating the RICO Act by acting as last decision makers and in complete disregard by Petitioners´ clear established Federal statutory rights and Treaties?

**Issue Number Six.** Whether Respondents are violating Petitioners´ statutory rights of Title 5 Section 500-502 et seq., FOIA-APA, by Denying Due Process?

**Issue Number Seven** Whether Petitioners are entitled to injunctive relief or damages based on Respondents claims of absolute immunity and violation of clear established rights and Treaties. Absent relief under Biven´s Action and 42 USC

Section 1983 et seq?

**Issue Number Eight.** Whether the Federal Provision CFR section 404.464 is Unconstitutional Vague as Applied to Petitioners by Respondents?

### VIII. PETITIONERS/RELATOR

Petitioner **Cuauhtemoc Palma Beltran** is a Mexican National and attorney at law practitioner on both State and Federal-Mexican jurisprudence, who was admitted on the late 70´s as a Legal resident into the United States with A 091 784 631. Petitioner was forcible kidnapped by Respondents from his dwelling at Los Angeles California, back on 1991, and removed from the United States without a fair Notice of Appear to perfect his immigration case and deportability grounds [if so]. 1229a(b)(5)(C)(ii).

Petitioner never returned into the United States since his legal status expired as result of the continuous Respondents´ fraudulent and inequitable conduct and no legal remedies existed until Supreme Court ruled *Pereira v. Sessions,* _U.S._138 S. Ct. 2105 (2018) despite Petitioner´s maximum feasible due diligence [not required by law]

Petitioner is not the wanted fugitive which Respondents have been erroneously targeting in *USA v. Cuauhtemoc Palma Salazar,* USDC CDCA N0. 02-01131-JFW (charges dismissed pursuant to the federal statute of limitations) and Respondents refusal to remove Petitioner personal information, despite a direct order from the USDC **Federal Judge John F. Walter,** entered on May 2022. Petitioner is seeking an order from this court to compel Respondents Immigration Court to rule on his Motion to Reopen and compel Respondents U.S. Marshalls to obey a direct order to remove his information published as wanted fugitive.

8.

Petitioner **Cuauhtemoc Palma Perez**, is a genuine entrepreneur and biological child of Petitioner Cuauhtemoc Palma Beltran to which Respondents have been harassing, staking and arresting along with his infant children (also admitted into the USA) once Petitioner and family members entering into the United States as Beneficiary of B1-B2 Visa on regular basis. Respondents have been accusing Petitioner as being member of an alleged Cartel only existing on Respondents´ mind. Based solely on the mere coincidence of Petitioner´s last name. Petitioner is being deprived of their legal admission by Respondents U.S. Consulate at Monterrey Mexico, without a fair opportunity of due process as provides INA Section 101(a)(15)(B). While acting in an illegal, arbitrary or irrational fashion. Violating Petitioner´s rights under Respondents´ AG Administrative Procedure Act (APA) See. **Appendix D.**

Petitioner **Francisco Lozano** is a former unrelinquished LPR of the USA who was admitted on March 15th 1990. In vengeance for his successful and profitable business at Houston Texas as a car dealer, Respondents created false allegations of conspiracy to distribute 50 pounds of marijuana in order to embezzle his business and secure one more false conviction based on the customary hearsay, false witnesses and tampering of evidence. **USA v. Vicente Alvarado Valdez,** 521 F.3d 337 (5th Cir. 2008) (Alvarado Valdez was illegally sentenced to 3 consecutive 350 months sentence based on a false testimony given by a DEA corrupted official). In flagrant disregard for Petitioner´s rights and involuntary quid pro quo being compelled to protect his LPR in the USA Petitioner clearly and specifically preserved in record before Respondents AG, that his involuntary plea was being entered solely to protect his LPR status. Furthermore, once Respondent AG obtained its false sentence and conviction, placed Lozano on deportation

9.

proceedings, Petitioner noted before Respondent I.J. in Lumpkin Georgia that he is entitled to due process and access to his retirement funds. Instead to be released and in clear violation to the Double Jeopardy Clause and Ex Post Facto Clause, Respondent AG acting in collusion with a well-known Texas´ Judge and kingpin of a Drug Cartel **Marina Garcia Marmolejo,** proceeded to impose an additional sentence of 46 months on an alleged Re-entry and again punishing Petitioner by depriving Petitioner of his Social Security funds, allegedly because Petitioner was deported to Mexico having no right in the USA.

Petitioner **Jose Luis Vazquez Reynoso** is a faithful Christian man and elder who was discharging his mandatory Chistian duty by allowing a fellow Church member to use his credit to purchase a commercial vehicle at Dallas Texas. Acting in an illegal and irrational fashion Respondents lacking indicia probable cause or even reasonable suspicion as a threshold of the Fourth Amendment, *Arizona v. Gant,* 556 US 332 (2009) Vazquez Reynoso was arrested and indefinite confined by Respondents. All with the evil purpose to deprive Petitioner of his Social Security funds, after obtain the customary involuntary plea, which Respondents use as form of double jeopardy in order to throw away their victims with empty hands and avoid a fair litigations on their immigration cases and M.R.

Petitioner also was ordered removed by the corrupted I.J. John P. McPhaul same Judge who ordered the torture of Petitioner American Citizen Lujan Treviño, robbery and embezzlement of over 20 million Dollar in assets from Petitioner commercial properties. See also *Alejandro Castillo Treviño v. Garland* 5th Cir. N0. 21-60820 at 135-137 (showing the flagrant collusion of I.J. McPhaul, DHS ICE Lawyer, Claire Mateko Esquire and Petitioner´s Immigration Lawyer, Salvador Tellez Esquire and clear entrapment of Petitioner without defense counsel)

10.

Vazquez Reynoso filed his Motion to Reopen back on August 15th 2021, evoking equitable tolling of any time limit pursuant to *Lugo Resendez v. Lynch,* 831 F.3d 337 (5th Cir. 2016). Petitioner seeks an order compelling Respondents I.J. San Antonio District to rule on his M.R. and compelling Respondent Social Security Administration Commissioner to provide due process and Social Security benefits since Petitioner is an elder person and indigent totally dependable of the generosity of neighbors. Petitioner Vazquez Reynoso is a former LPR who reached the mandatory 40 points required by Social Security Administration to be entitled to benefits. Otherwise violates double jeopardy principles.

Petitioner **Jose Reyes Lujan Treviño,** is an abroad American Citizen as a child of Maria De Jesus Treviño, who was born, raised and died in the United States. *Morales Santana v. Sessions*, 582 US_(2017) INA 8 USC Section 1401(a)(7). Petitioner was initially admitted as a LPR with A 022 856 021. Petitioner is 'til this very date the beneficiary of non-transferable contracts with a Tex-Mex Railroad Company, for which Respondents acting in collusion with private parties entered in chain conspiracy to violate the INA and federal code of criminal procedure by deprive Petitioner Lujan Treviño of life, liberty and property without due process of law, with the evil purpose to embezzle Petitioner's millionaire assets appraised on over US $20 million Dollar, while using a criminal partner Notary Public to make appear legal said transaction. As noted in a current case and appeal in *Irma Ruiz Ramirez v. El Chalala, et al,* 5th Cir. N0. 23-40055 (suit filed against Notary Public for their fraudulent conduct and conspiracy with Respondents targeting Petitioners and other vulnerable victims)

Petitioners is a successful entrepreneur who was forcible abducted at the Port of Entry Laredo Texas and confined-tortured-poisoned and robbed by Respondents

11.

in order to obtain a self-incriminatory statement by the customary brutality and infliction of physical and mental punishment in immigration detention centers forbidden by 28 USC Section 1350 and UN CAT. See **Matter of Santoyo** (same Detention Center in which Petitioner Francisco Lozano was entrapped by Respondents and several Mexican Nationals poisoned and murdered by DHS ICE and AG Respondents) Petitioner Lujan Treviño totally defeated and unconsciously (despite record reveals his clear established American Citizenship) was deported from the United States to Mexico, and subsequent DENIED of Social Security benefits adducing that Petitioner is an American Citizen having no rights in the United States. Furthermore, Petitioners have been persecuted by Respondents in order to bar Petitioners to legally return into the United States. Despite maximum feasible diligence [not required by law] such as Petitioner USCIS 601 and Petitions before the US Consulate Ciudad Juarez Mexico and at Nuevo Laredo City Mexico, Petitioner has been denied of due process.

On September 22d 2022, Petitioner filed with Respondents BIA his Appellants Brief written by Relator Human Rights Reporter Mr. Flores. Respondents AG and DHS ICE refuse to plead. For which Default Judgement Motion was also filed by Petitioner. **Matter of Jose Reyes Lujan Treviño** A 022 856 021

Petitioner **Luis Gerardo Garcia Siller** is a Mexican National entrepreneur and father of an American Citizen child, who was admitted into the USA since his early childhood. Petitioner is one of millions of victims of corrupted USA officials and Respondents, commissioned to serve the interests of the justice and USA at the USA MX Border. While possessing over 7 years of unrelinquished admission into the United States, Respondents by mean of fraud and inequitable conduct framed

12.

Petitioner on whatever fabricated offense to the INA status orchestrated by themselves in order to make appear Respondents as heroes, despite the evidence and record reveals the flagrant Respondents´ modus operandi. While baring Petitioner to legally return into the USA, being Denied of legal admission as well as Petitioner´s family members and based solely on hearsay and false entries into the record that Petitioner is a convicted felon on Controlled Substances charges, for which Petitioner´ wife and American Citizen children are being Denied of admission into the USA. FBI record reveals that Petitioner possesses no even Misdemeanors convictions. As noted in **USA v. Noe Gonzales Martinez**, USDC SDTX N0. 5:21-CR-01700 and **USA v. Jose David Moreno**, USDC SDTX N0. 5:21Cr-1268-1 Petitioner and consolidated In Jose David Moreno 5th Cir. N0. 23-40067; In Re Noe Gonzales Martinez 5th Cir. N0 23-40069. **[FN.2]**

Petitioner **Maribel Gonzales,** as Petitioner **Luis Gerardo Siller Gonzales,** is also an unrelinquished admitted **B1-B2** Cardholder since her early childhood, currently working for a binational Mexican American Trucking Company, and resident of Nuevo Laredo City Mexico. As part of the free trade agreement between Mexico USA and Canada said Trucking Companies and employees are the beneficiaries of the Provision of the INA Section 101(a)(15)(B). Never intended to work in the United States, since all high liberty interests are precisely abroad and the cost of living in USA is a huge factor to consider, contrary to

**FN.2**_____

Respondents form of coercion is the infliction of 100 beats with a 2x4x4 upon Petitioners named "Los 100 Tablazos" a form of physical punishment inflicted to Petitioners in order to obtain self-incriminatory statements and indefinite confinements until obtain involuntary quid pro quo and draconian convictions and sentences imposed by Respondents and criminal partners. Petitioner Noe Gonzales Martinez case show us said brutality inflicted to LPR Petitioners. See **Appendix D**

Respondents´ conclusory false entry into the record; the living standard for residents of the US MX Border is way better than the average of any American Citizen for several reasons, not relevant on this matter.

In the free exercise of her statutory right to perform expert duties on the American side [paid by her Mexican employer] Respondents deprived Petitioner of her unrelinquished admission status and B1 benefits adducing that Petitioner is going to work into the USA. Petitioner challenged said irrational, illegal, and arbitrary decision by filing her Motion to Reopen Immigration Proceedings before Respondents, I.J. Laredo, Texas, at the time to file a new B1 Visa Application before Respondents US Consulate at Nuevo Laredo city. Being mocked and verbally assaulted by Respondents, US Consulate at Nuevo Laredo City, Mexico, denying relief without due process.

Petitioner Gonzales Motion to Reopen has been concealed, delayed or destroyed by Respondents Clerk of Immigration Court, Daniel Caudillo, Kanellakos Thanos, et al. Over one year elapsed since the institution of said Motion to Reopen. Furthermore, denied of APA and FOIA Petitions.

Petitioner **Marisol Chairez Patiño** is the biological mother of 3 American Citizen children and spouse of the American Citizen Mr. Carlos Talavera. Petitioner acting with maximum feasible diligence [not required by law] and pursuant to this court ruled on ***Menominee Indian Tribe of Wisconsin v. USA,*** 577 US 250 (2016) landed at the International Port of Entry San Francisco, California, being admitted into the USA.

Respondent, arrested, seized Petitioner and falsely entered into the record that Petitioner was going to visit an illegal alien. Despite the certified immigration

14.

Administrative record reveals that Petitioner is a member of a prominent Mexican family going to visit her current husband American Citizen and father of her 3 American citizen children. See **Appendix A.**

In flagrant violation to Petitioner statutory right under 8 USC Section 1229a (b)(5)(C)(ii) Respondents Immigration Judges San Francisco California, Clerk of Court and DHS ICE acting on behalf of the AG concealed, destroyed or spoliated Petitioner´ Motion to Reopen filed at least 3 times within the jurisdiction of Respondents Laredo Texas, San Antonio Texas and San Francisco California.

Petitioner´ husband is currently petitioning Petitioner before Respondents USCIS I-130. Petition Alien Relative. Also delayed by Respondents USCIS and US Consulate Ciudad Juarez.

**Petitioner/Relator Reynaldo Flores AKA Rey Flores** is the Human Rights Reporter and Philanthropist currently representing the interests of at least one million Political Prisoners in the United States. Based on said philanthropical performance and in vengeance for said advocacy, Respondents kidnapped at gun point Petitioner and family members, while raping his young wife and torturing Petitioner´s infants American citizen children, taking for granted that Petitioner would be erased in the Texas´ Gulag as 98% of prisoners in the United Staes. *Padilla v. Kentucky*, 559 US 356 (2010) (noting that indeed 98% of sentences and convictions in USA are obtained via voluntary or involuntary quid pro quo)

In order to secure Petitioner´s draconian sentence and civil commitment Respondents' criminal partners [also known as Los Marranos or Los Chivatos] entered into Petitioner´s commercial properties and warehouses, proceeding to vandalize Petitioner´ vehicles and stealing over one million Dollar in assets. See

15.

***Reynaldo Flores v. SAPD BCDA, et al,*** 2:14cv283 at Pp 1-2.

Said customary actions taken with the evil purpose to secure one more conviction and make Petitioner and millions of victims dependable of conspirator lawyers. ***Tower v. Glover,*** 467 US 914 (1984) (holding liability on lawyers, judges and prosecutors on conspiracy allegations)

Petitioner intentionally and knowingly allowed Respondents obtain their <u>*de*</u> <u>*minimus*</u> reward check, paid by Respondents to their criminal partners in exchange for their fraudulent and inequitable conduct, and false trials. Flores of course, appealed to the corrupted Fourth Court of Appeals of Texas operated by Defendants in Flores v. Stone, et al, see also ***Reynaldo Flores v. Texas,*** 04-12-00794-CR [while the pendency of his direct appeal, petitioner was shipped in a metal cage and transferred within 17 facilities of the Texas´ Gulag, in order to cause him disappear and avoid the society learn about Respondents brutality] the double jeopardy Misdemeanor obtained by the concealment of exculpatory Brady material evidence and false police report stating how Respondents tried to murder Petitioner and his 3 children. ***Brady v. Maryland,*** 373 US 83 (1963). See Appendix C (police report written by a sex offender SAPD R. Vara)

Without opportunity to defeat Petitioner on his Pro Se representations, Defendants-Respondents agreed to meet Petitioner at Beeville, Texas, [at the Texas´ Gulag TDCJ Garza West] begging Petitioner to voluntarily dismiss his ***prima facie*** suits, and claims, in exchange to release Petitioner from abduction. Since Defendants are Papers and totally dependable of the leftovers of Respondents herein and unable to pay damages.

Petitioner obtained material evidence of human laboratories in which our

16.

political prisoners and immigrants (despite their innocence) are submitted to heinous crimes and gross violation of human rights, while forced to work without compensation [not even one Dollar per day] and without penological interest. ***West v. Atkins,*** 487 US 42 (1988). To the extent to denied meals on daily basis in order to inflict lethargy to their immigrant victims or force them to purchase expired meals not worthy of human consumption. On or about July 2013, while abducted in Bexar County, Petitioner transmitted to the Federal Judge Orlando Garcia, a sample of Dog Food, or Machihua, meals served on daily basis to our political prisoners and immigrants in San Antonio Texas, in order to coerce our community to take pleas by Respondents´ criminal partners. Issues being raised in a serious Court System ICJ. ***Avena and Other Mexican Nationals Mexico v. USA***, ICJ citing Art. 36, Paragraph 1(b) of the Viena Convention **[FN.3]**

Therefore, and pursuant to ***Bell Atlantic v. Twombly,*** and FRCP 8(a) which requires only a plain statement of how, when and where, and pursuant the 10 years statute of limitations prescribed by 28 USC Section 1350 Alien´s Action for Tort Petitioner Flores instituted his suit against Respondents and criminal organization of human trafficking cartel. Obviously dismissed alleging absolute immunity on clear established rights and Treaties violation, since the State of Texas is financially broken (refiled on different forum pursuant to FRCP 23)

**FN.3**_____

Respondents egregious conduct was demonstrated in Avena´s case by the International Court of Justice, finding that the USA had failed to show that certain of them were also USA Nationals, the Court held that USA was under the obligation to provide Consular information pursuant to Art. 36…. Of the Viena Convention in respect to all 52 Mexican Nationals.

Petitioner Flores contacted the International Court of Justice, while abducted by Respondents for over 5 years confined in a metal cage without ventilation with temperatures over 120 degrees and transferred as a pet in a metal cage in chains.

Petitioner Flores was finally released from abduction after 5 years of fale imprisonment with severe physical injuries, denied of medical attention, being compelled to leave the USA in order to treat his brain stroke, physical injuries inflicted by Respondents in the America´s Gulag.

Again, Petitioner Flores, solely purpose to enter into the USA, is to locate the remains of his insane wife and children used as sexual slaves by Respondents or properly litigate and release his children from abduction [if alive]. ***Pamela Carrillo v. TJJD, et al,*** supra. (addressing the gross violation of human rights in Juvenile Detention Centers in USA while using our adopted children as nursery of the prison system and secure the continuous operation of the America´s Gulag).

Petitioner **Salvador Alvarado Galvan,** is a Mexican National, formerly resident of the State of Ohio, currently married with Ashly Ann Alvarado with whom Petitioner bore 2 beautiful American Citizen children born at the State of Ohio; **Christopher William Alvarado and Isabel Yazmin Alvarado.** As the record reveals Respondents sentenced Petitioner and his American citizen family to the exile in violation to Art. 3.1 of the United Nations Convention Against Torture…. **[FN.4]**

**FN.4**_____

**Art. 3.1 of the UNCAT** provides, No State Party shall expel, return ("refouler") a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture.

Art. 1.1. for purpose of the Convention means any by which severe pain or suffering , whether physical or mental, is intentionally inflicted on any person for such purposes as obtaining from him information or a confession, punishing him for an act he or a third person had committed or is suspected of having committed , or intimidating or coercing him or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation or with the consent or acquiescence of a public official or other person acting in an official capacity…….

18.

In flagrant violation to Art. 1.1 and 3.1 of the Convention, Respondents acting with callous indifference for the rights of other, and without penological interest, rather with wanton infliction of cruel and unusual punishment sentenced Alvarado´s family to the exile and placed in jeopardy of limb or life once Petitioner and family were compelled to spent the last 13 years abroad, denying Petitioner´s American citizen family a clear established rights or even meaningful due process, while being deceived by USA Lawyers, [currently indicted on felony charges] until Petitioner met the reputable human rights reporter Relator Mr. Reynaldo Flores and filed this PWMP and suit. See **Appendix F.**

Petitioners **One Million Jane Does and John Does** are millions of countless of Respondents´ victims sentenced to the exile based on the same fabricated charges for crimes committed by Respondents´ criminal partners or Respondents themselves. As noted, **In Re Jose David Moreno**, 5th Cir N0. 23-40067, Respondent AG and subordinated kidnapped the Mexican American citizen at the City of Monterrey Mexico, in retaliation for his successful trucking company and legal residency in Mexico. Respondent AG and its criminal organization known as **"Los Panochudos"** proceeded to torture the entrepreneur and without due process of law as required CRM of the DOJ Section 602, confined Moreno for 3 years.

Respondents and kingpin of the Human Trafficking Cartel, " **Los Panochudos"** Federal Judge **Marina Garcia Marmolejo**, acting out of her judicial capacity and in collusion with AG Respondent ordered to torture Moreno in a Federal GEO Detention Center in order to secure an indictment on charges as being leader of a CDN Cartel, while violating Moreno´ First Amendment right to redress of grievances until Relator confronted the corrupted federal judge Marmolejo with the discrepancies, and compelled to  recused herself.

19.

Six months after Moreno´s abduction, Respondents arrested another individual in California also indicted as being leader of the CDN Cartel in **USA v. Juan Gerardo Treviño Chavez,** [AKA El Huevo] USDC WDTX N0. 3:22-mj-981, while coercing Moreno to plead guilty of crimes committed by Respondents and criminal partners Drug Cartel del Norte or CDN.

*In sum,* regardless Petitioner legal admission or USA citizenship after being targeted by Respondents arrested and seized are being ranked as illegal aliens in order to secure false convictions and draconian sentences and secure the deprivation of Social Security funds and contributions as an illegal way to financing Respondents' terrorists' activities in the USA and abroad.

## X. RESPONDENTS

Respondents are the shareholders of the financially broken Terrorist Organization of Drugs-Weapon-Sex & Human Trafficking Cartel America´s Gulag. Said instigators- Respondents and *hostis humanis generis,* are responsible for the distribution of weapons abroad in exchange for Controlled Substances imported into the USA by themselves, in order to poison the American society with Controlled Substances, while blaming Petitioners and other innocent victims, targeting Petitioners and other individuals classified as Class B-C Citizens with false indictments on conspiracy charges and by mean of lies, deception and brutality keep operating the prison system to the maximum capacity. Once Petitioners file prima facie cases and suits against them, said claims are dismissed based on absolute immunity grounds or dismissals for failure to state a claim. **Reynaldo flores v. TDCJ, SAPD et al., Supra.** See **Appendix C.**

1. Respondents **Board of Immigration Appeals**, are in charge to

20.

issue appellate administrative decisions. However, facts and evidence show that said Respondents are acting as last decision makers and out of their role of their judicial capacities as noted in ***Judulang v. Holder,*** Supra, in which the Supreme Court held that said Respondents application of the comparable grounds was arbitrary and capricious as it is on the latest 200 appeals filed by Relator Mr. Flores on behalf of Petitioners. Violating the Administrative Procedure Act. 5 USC Section 706(2)(A).

    a.  In **Matter of Jose Reyes Lujan Treviño** A 022 856 021, Relator Mr.

Flores acting on behalf of Petitioner-Appellant Lujan Treviño filed the required Appellant´s Brief on September 22d 2022, following a **<u>Default Judgment Motion</u>** since Respondent DHS ICE acting on behalf of AG are failing to plead or otherwise defend the erroneous exile sentence and false deportation proceedings of the American Citizen Luja Treviño.

    In **Matter of Alejandro Castillo Treviño** A 018 950 320 these same Respondents acting in flagrant collusion with DHS ICE lawyer, Claire Mateko Esquire, her husband retained lawyer, Salvador Tellez Esquire and  I.J. John P. McPhaul, entered in chain conspiracy, taking advantage of the lack of knowledge of [Castillo Treviño] English language; proceeded to entrap Petitioner in a malicious and fraudulent proceedings in which the corrupted I.J. McPhaul entered an exile sentence based on an alleged fabricated Misdemeanor offense and planted evidence, to which Petitioner never served jail time,  all with the evil purpose to embezzle Petitioner´s Social Security Funds, and trade Treviño´s children as sexual slaves in the USA. Alejandro Castillo ***Treviño v. Merrick Garland,*** 5th Cir. N0. 21-60820.  at Pp 135-137.

b. Matter of Jane Does and John Does are millions of victims of Respondents BIA erroneously entrapped by Respondents AG and DHS ICE and I.J. all with the evil purpose of stealing Social Security contributions based on the unconstitutional vagueness of CFR Section 404.464.

**2. Respondents Clerk of Immigration Courts.** Respondent(s) Clerk of Immigration duty are not discretionary rather statutorily mandatory. These Respondents whether acting ***sua sponte*** or at Respondents I.J. or DHS ICE, direction are concealing, delaying, destroying or spoliating Petitioners´ Petitions and Motions to Reopen Immigration Proceedings. Furthermore denying access to courts, injuring Petitioners and their American Citizens families, by refusing to provides relief on every FOIA APA Petitions, all with the evil purpose to affirm denials of potential appeals before Respondents BIA. **28 USC Sections 751, 956, 1450.** As noted in **Matter of Jose Reyes Lujan Treviño** A 022 856 021, and Matter of Marisol Chairez Patiño, Matter of Maribel Gonzales, et al., cases in which Respondents Clerks of Immigration Courts, not solely refuse to docket several FOIA-APA Petitions but also are concealing, destroying, shredding or delaying said Petitions and Motions. And customary violation of access to courts has been repeatedly addressed on the several District and Appellate Courts in USA by Relator. Clearly violating Petitioners clear established First, Fifth and Fourteenth Amendments rights to due process. ***Lewis v. Casey,*** 518 US 343 (1996) (actual injury is demonstrated by placing Petitioners in jeopardy of limb or life). In ***Reynaldo flores v. Texas,*** Supra, Petitioner Flores, after entrapping Respondents in their own devise, once again showed before the International Community and Tax Payers, how Respondents refuse to abandon their terrorist actions. By law an Appellant is required to cite all argument preserved in record. The Bexar County

22.

Clerk instead to provide the required certified administrative record on appeal, mailed to Relator the medical record of a deceased immigrant Xavier Ortiz, poisoned and murdered by Respondents in the Texas´ Gulag TDCJ.

**3. DHS ICE Respondents. Duties of DHS ICE Officers or DHS ICE Legal Advisors** are clearly established in general Respondents are in charge to protect the USA from terrorist, drug traffickers, criminals, illegal aliens…and enforce laws to keep American citizens safe. While AG and subordinates are in charge of prosecuting offenders NOT victim!!!!!

In **Texas v. Juan David Ortiz,** the DHS ICE CBP Officers explained to the media under which authority kidnapped, raped and murdered countless of victims. Being clearly indulgent with said offender, Ortiz was tried only on 4 raped-murdered victims. Based on said customary Respondents´ heinous crimes perpetrated against Petitioners, Supreme Court repeatedly warned Respondents about prosecution of immigrants through illegal enhancement of the INA. In **Lopez v. Gonzales,** 549 US 47 (2006) the court ruled 8-1 that a drug crime must be a felony under Controlled Substances Act, in order to count as an aggravated felony. Furthermore, in the case at bar Respondents DHS ICE and AG subordinates are arresting, seizing and torturing victims of crimes to the extent to indefinite confining and poisoning Petitioners in order to inflict lethargy and involuntarily obtain exile sentences or deportations orders, with the evil purpose to steal Petitioners´ assets and later delay Motions and Petitions based on such fraudulent and inequitable conduct. While evoking **res judicata** on said fraudulent and chain conspiratorial proceedings. See **Matter of Lujan Treviño.** Supra.

**4. Immigration Judges Respondents.** Since 1990, Relator initiated a

23.

close analogy and investigation of Respondents´ modus operandi. *As noted* in 2012cr1969 through his acquittal and suits discovering the human laboratories in the Texas´ Gulag TDCJ and BOP and callous disregard for Petitioners´ rights and Treaties on Motion to Reopen and continuous Pro Se litigations sponsored and drafted by Relator. Establishing that the INA and its ambiguity is being used by Respondents for personal financial gain, after Respondents impose draconian sentences on false convictions against victims of crimes as on every single Petitioners´ case. Based on said customary misconduct on September 14th 2022, Relator decided to entrap Respondents I.J. DHS ICE and AG Subordinates in their own judicial circus, by allowing Respondents to held a *Master Hearing* in which San Antonio Immigration Court has the original jurisdiction, under 8 USC Section 1003.23 (a)(b)(1)(i)(ii)(iii); 1003.32. said case was erroneously delegated to Respondents I.J. Laredo Texas, Immigration Court. Since Petitioner [Lujan Treviño] and Relator instituted their Bivens´ Action against Respondents, said I.J. Defendants **[FN.5]** tried any mean of deception to avoid Petitioner´s due process and entered an *in absentia* ruling, while awaiting to arrest and confine Petitioner American Citizen pursuant to 8 USC Section 1326 if Petitioner would appeared at the Immigration Court´ hearing. Relator knowing Respondents´ criminal operations obtained a Webex code in order to appear electronically in said court and avoid Petitioner Lujan Treviño´ abduction. *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985). The irrational, arbitrary and illegal hearing was disclosed once Petitioner and Relator appeared in Court [via Webex] explaining the provision

**FN.5**_____

Petitioner Lujan Treviño instituted his Bivens´ Action sponsored by Relator claiming damages for his exile sentence against Defendants I.J. Cynthia LaFuente Gaona and criminal organization, (refiled on different jurisdiction pursuant to 28 USC Section 1350) **Bivens v. Six Unknown Named Agents.**

of the INA 8 USC Section 1229a (C)(5)(C)(ii)(2) and precedents in lieu, giving jurisdiction to Petitioner´ M.R. and teaching the law to the ignorant I.J.s **Caudillo** and **Thanos**, while cross examining the ignorant DHS ICE Lawyer. who solely identified himself as Caleb, exposing the flagrant DHS ICE lack of enforcement statute and arbitrary detention of Legal Residents B1-B2 Beneficiaries and American Citizens sentenced to exile. ***Matter of Peña Diaz*** A 030 568 827. The I.J. Caudillo being entrapped on his own fraudulent proceeding stated that a Guatemalan Immigration Court is the proper jurisdiction to hear Petitioner´ immigration case. And so many irrational statements of law [such as Motion to Reopen Immigration Proceedings should be entertained by Federal Judge Diana Saldaña] were given on said Hearing for which Respondents are refusing to produce record despite several FOIA and APA Petitions filed with Respondents.

Respondents I.Js. also refuse to provide due process on Petitioners´ M.R. whether as in Los Angeles California in **Matter of Cuauhtemoc Palma Beltran** A 091 784 631; in Harlingen Texas, **Matter of Luis Gerardo Siller Gonzales** A 205 848 656; et al. and on every immigration court, despite prima facie showing and denial of changing instruments or Notice of Appear as provides 8 USC Section 1229a. ***Miller v. Sessions,*** Supra.

**5. Respondent Social Security Administration Commissioner.** This Respondent is legally responsible to administrates its agency SSA social programs, covering disability, retirement, and survivors´ benefits, among other services. It´s also responsible for the issuing Social Security numbers and managing the program´s finances and trust funds, and nothing else!!!!

Based on the unconstitutional vagueness of the Code of Federal Regulations

25.

Section 404.464 and flagrant violation to both 5th and 8th Amendment and UNCAT and violation to the double jeopardy and cruel and unusual punishment clauses, Respondents are enforcing the vagueness of said illegal status by entering in chain conspiracy with AG to deprive our legal residents and USA Citizens of their Social Security benefits and retirement funds alleging that despite petitioners´ clear established legal residency and American Citizenship, and entitlement to said funds Petitioners are not to be paid since Petitioners were deported abroad. The illegality of said denial is being exposed in *Jose Reyes Lujan Treviño v. Gutierrez, Social Security Commissioner, et al.,* 5th Cir. N0. 22-40229 at Pp. 402-409. See **Appendix F-18.** Respondents deny said SSA Benefits to Petitioners based on the INA Sections 212(a), 241, or 237(a) which has nothing to do with Social Security Benefits. Rather with detention of illegal aliens.

**Appendix F-18** show Respondents´ callous disregard for Petitioners´ American Citizens life, who spent their entire childhood in Mexico in order to protect the family unit as secured by the 14th Amendment and Treaties and avoid Respondents trade the minors as sexual slaves and as political prisoners in the USA. To the extent to educate their children in Mexican schools. See **Appendix F16-17.**

No one on this Petition is an illegal alien.

The actions and breaches of Social Security Administration Commissioner and Respondents I.J. DHS ICE and AG violate the Double Jeopardy Clause of the Fifth Amendment as enunciated in Supreme Court holding in *Montana Department of Revenue v. Kurt Ranch.,* 511 US 767 (1994) As in Kurt Ranch court, the assessment of taxes after conviction is invalid under the federal

26.

constitution, likewise, the deprivation of social security funds is a deprivation of the Fifth Amendment right to be free of double jeopardy, since Respondents whether legally or illegally and clear breach of contract [issues not relevant herein] and callous disregard by Petitioners´ clear established statutory and Constitutional rights are depriving our elder legally admitted LPR or American citizens and their families of said benefits.

Most of elder Petitioners are over 65 years of age currently dying on inhumane conditions after Petitioners served their entire productive life in USA being injured by Respondents Social Security Administration acting with wanton infliction of cruel and unusual punishment falsely fabricated crimes and offenses that not even qualified as felonies under CSA nor amount the required 5 years sentence to be deported and deprived of SSA funds and benefits. Clearly and unequivocally violating Petitioners´ Eighth Amendment and Cruel and Unusual Punishment Clause. *Wilson v. Seiter*, 501 US 294 (1991) Violating the U.N. Convention Against Torture and Cruel and Unusual Punishment. Art 3.1.

**6. Respondents US Attorney General Respondent.** The evidence and record clearly and undeniable demonstrate Respondents U.S. Attorney General´ callous indifference for Petitioners' rights. At the time of Petitioners' illegal arrest and seizure, Respondent used any abolished illegal practices of coercion e.g. rape and torture of Petitioners´ family members, in order to obtain false convictions as noted in *Wilson v. State,* Supra. see *Arizona v. Fulminate,* 499 US 279 (1991) (Self incriminatory statement obtained by coercion as evidence was barred by the 5th and 14th Amendments USCA). In *USA v. Rosales*, [Petitioners herein named as Jane and John Deo] Respondents DHS ICE and AG arrested, seized and robbed Rosales family at the Port of Entry Nogales Arizona, being warned that Mexican

27.

people has no right to be wealthy, proceeding to torture and assault Petitioners Rosales in an immigration detention center. The corrupted USA lawyers instructed Rosales that the only way to be released from abduction is to waive the US $20,000.00 Dollars [a miserable amount of money stolen from Rosales´ family].

The certified administrative record in ***Lujan Treviño v. Gutierrez, DHS ICE, et al., Supra***. at Pp.377-344, reveals that Respondents AG and criminal organization, not solely agreed with several offenders to violate immigration laws, but also are current beneficiaries of over 20 million Dollar in assets and leases to which Lujan Treviño is the only legal owner, for which AG and subordinates are making any illegal effort to bar Petitioner Lujan to legally return into the USA. Despite his American citizenship. [see Certificate of Death of Treviño´s biological mother in **Appendix F**.] Respondents´ criminal partners acting on AG behalf, being confronted with the material evidence, threatened Petitioner to dismiss his suits and claims otherwise would be maimed and or murdered his family.

In ***USA v. Gonzales Martinez,*** 5th Cir. N0 23-400-69 Respondent´s subordinates after inflicting a brutal assault to Petitioner Gonzales Martinez, proceeded to confining him without bond and denied of medical attention in GEO Detention Center. While being threatened to be erased for decades by the Respondents if he refuses to enter in an involuntary quid pro quo. **Appendix E.**

Likewise in ***Lozano v. Garland***, Supra., Petitioner Lozano was a successful car dealer at Houston Texas. The only way to deprive Lozano´s life, liberty and property without due process is the current false entry into the record of an alleged Conspiracy to distribute 50 pounds of Marijuana and justify his deportation and entrapment with a subsequent Reentry conviction despite his LPR status and

28.

underlying 36 months sentence. *Judulang v. Holder.* Supra.

Furthermore, Lozano´s administrative record shows us the precise illegal modus operandi of Respondent AG. See **Appendix F-20.** And again in **Flores v. Texas** 2012cr1969 and again in Flores v. SAPD, BCDA, et al. Supra [Respondent ordered the rape and torture of Petitioner children on its belief that Flores was a farmer or construction worker] See, **<u>Appendix C-2.</u>**

**Respondent AG Breach of Contract.** We all understand the meaning of *quid pro quo,* all Petitioners herein, agreed to sign any fabricated offense in exchange to protect their legal status and Social Security contributions. The AG breached that contract at the time in which Petitioner were placed on deportation proceedings. Regardless Petitioners´ innocence. 98% of convictions and sentences in USA are sufficient to demonstrate that USA is the main violator of human rights in the hemisphere. As noted in **Ex Parte Manuel Rivera**, 2013cr4809-W1. Rivera is a Central American citizen married with an American Citizen Debra Martinez, a resident of San Antonio Texas. **INA 214 (3)(A)(B)** DUTIES OF ATTRNEY GRL.

On February 15th 2013, an intoxicated individual and member of Respondent´s AG criminal organization "**<u>Los Orejones</u>**" [with branches in Bexar County Texas] was assaulting Rivera. Rivera called 911 in order to find protection from law enforcement officers. Instead, *<u>the crime enforcement officer and sex offender SAPD Officer Aaron Klopp</u>* appeared into the scene under the influence of controlled substances and immediately proceeded to handcuff Rivera and inflicted him a brutal assault leaving Rivera with broken ribs and unconscious. While threatening to rape Rivera´s wife if she complaint with any civil rights organization. Rivera was booked in County Jail while denied of medical attention

29.

And *Without Gerstein Hearing of probable cause,* **[FN.6]** Rivera was Indicted and sentenced to 7 years without compulsory process and sent to the Texas´ Gulag to forced labor. Rivera´s wife contacted Relator Human Rights Reporter, Mr. Reynaldo Flores, in order to file habeas petition, [as he did] just to discover that the corrupted **Bexar County Judge Mary Roman**, acting out of her Judicial capacity and as prosecutor and on Respondent´s AG behalf, not solely fabricated an Indictment for an offense to Attempt to Take Weapon from Police Officer, but once Rivera was booked in the Texas´ Gulag TDCJ, Respondent´s criminal partners concluded that an Aggravated Assault with Deadly Weapon would be a better charge for Respondents´ interests since Petitioner is Classified as a class B-C and Honduran citizen and immigrant, because immigrants deserve draconian punishments, despite their innocence. See **Appendix C-9.**

   **7. Respondents USCIS Breaches and Abuse of Office. In Matter of Lujan Treviño** A 022 856 021, an elder 76 years old disable person, while the pendency of both Biven´s Action/28 USC Section 1350 and Appeal before Respondents BIA, Petitioner Lujan filed his USCIS I-601 furnishing said Respondents with compelling evidence demonstrating his American Citizenship as a child of an American Citizen [Maria J. Treviño] initially admitted as a Legal Permanent Resident. Said irrational Respondents acting out of their adjudicatory capacity and in clear mockery, after charge the outrageous $930.00 filing fee to the Petitioner; Respondents in clear mockery replied that Petitioner failed to provide

**FN.6**_____

   As on every case and arrest, seizure, robbery, torture and draconian sentences imposed upon Petitioner the Constitutional guarantee of the Fourth Amendment is clearly violated. In **Gerstein v. Pug,** 420 US 103 (1975) the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restrain of liberty following arrest.

his grandmother police station membership and fire station membership and several irrational requirements. While mocking every Petitioner herein.

In **Matter of Reynaldo Flores,** the outrageous conduct of Respondents is even more evident. On June 2017, Petitioner made a U-Visa USCIS I-918 Application as a victim of International Terrorism and victim of several aggravated felonies at Respondents´ criminal partners´ hands by using a sexual slave and false victim of Aggravated Kidnapping, Sexual Assault and lesser and greater Double Jeopardy charges. CFR 9 FAM 402.6-1. See **Appendix C-5-8.**

The Certificate of Acquittal was signed by the _Bexar County Judge Melissa Skinner_ rendered a Jury Trail and supported by record and subsequent prosecution of the instigators and crime enforcement officers **hostis humanis generis** in **Flores v. Mayra Rubio Sanchez, SAPD, R. Vara, et al** Supra.

Respondents USCIS acting chain conspiracy with AG and its criminal organization, instead to provide due process on Petitioner´s Flores U-Visa Application; agreed with Respondents to kidnap Petitioner-Relator in order to justify the Denial of relief on said U-Visa Application. Respondents´ criminal partners R. Vara #2046, R. Valadez #2101, T. Porter 3165, et al., personally appeared at Petitioner Flores´ mailing address of record 620 Logan Laredo, Texas 78041, informing Petitioner, that said crime enforcement officers were awaiting Flores to kidnap and murder Relator Human Rights Reporter as they [unsuccessfully] did on December 29th 2011, at San Antonio, Texas. The offenders were encouraged to meet Flores at the Mexican side, to address any issue on international soil, which cowardly refused to do so, since Petitioner is a reputable Philanthropist and Entrepreneur alienated with the International Court system.

31.

Once again the fraudulent and conspiratorial Respondents' criminal fraudulent conduct is demonstrated on the underlying USCIS I-130 Petition Alien Relative in Matter of Salvador Alvarado Galvan A 200 126 858 [Beneficiary] filed by her wife Ashly Alvarado [Petitioner] and mother of Galvan's American Citizen children. Filed back on 2009.  See **Appendix F-17.**

Despite the clear established rights, lack of Petitioner's criminal record and high liberty interests in the United States said Respondents intentionally, and with callous indifference for the INA and USA laws and Treaties, compelled Petitioner and his American citizens family and infant children to leave the United States, while mocking Petitioner and placing his infant children in jeopardy of limb or life by coercing the American Citizen family to leave the USA, instead to provide a legal venue under the former LIFE Act and Cancellation of Removal/Suspension of Deportation under the Extreme Hardship Provision INA 204(a)(1). Cited by In Re Bing Chih Kao/In Re Mei Tsui LIN Matter of Kao & Lin **[FN.7].**

Petitioner Alvarado's Immigration case reveals that his attorney of record deceived thousands of immigrants' families who acting in chain conspiracy with USCIS-DHS ICE-AG and Immigration Courts embezzled million of Dollars in attorney's fees and then turned his clients to the capricious and irrational ruling of USCIS and IJs Respondents. The Immigration lawyers in Alvarado's case is a felon charged with several offenses under State and Federal law.

**FN.7**_____

Petitioners met the Extreme Hardship requirement for suspension of deportation where their oldest daughter who is a 15-year-old US citizen, has spent her entire life in the USA, has been completely integrated into the American lifestyle, and is not sufficiently fluent in the Chinese language to make an adequate transition to daily life in her parents' native country of Taiwan. **Matter of Pilch, 21 I&N Dec. 627 (BIA 1996),** _Distinguished._

The intentional and callous disregard for Petitioners´ rights is being demonstrated on every USCIS I-130 and USCIS I-140. Despite *prima facie* cases and *bona fide* visitors showing. ***USA v. Rosales,*** USDC Tucson AZ N0. 4:03-cr-809RCC-JC (false probation sentence imposed to a wealthy Mexican family in vengeance for their refusal to pay bribes to DHS ICE CBP Respondents) and so and on and on……

Respondents **U.S. Consulates at Mexico and U.S. Embassies at Central America**. These Respondents are the main violators of Civil rights and violators of the INA. Most of their victims are entrepreneurs with huge investments at the US Mexican Border, possessing high liberty interests in the United States. In **Matter of Salvador Alvarado Galvan** A 200 126 848, Respondents in clear abuse of discretion **[FN.8]** and without legal authority rather than the customary denial of due process, Denied Petitioner Alvarado and his American Citizen wife Ashly Ann Alvarado, his statutory right to family unit as secured by the 14th Amendment USCA. As we all know *the main purpose of the INA is family unit and bring investors into the United States*. Respondents failed to apply that basic principle and purpose of the INA.

In **Matter of Cuauhtemoc Palma Beltran** and his child Cuauhtemoc Palma Perez and children, US Consulate at Monterrey City, erroneously and based on false information, and tampered record, are depriving Petitioner and their American citizens family of B1-B2 Visa, with the solely purpose to destroy the family unit and embezzle Petitioners´ family assets in the United States.

**FN.8**_____

**Discretion** means the application of legal standard without acting in an irrational, illegal or arbitrary fashion.

33.

In USA v. Jose David Moreno, Petitioned **In Re Jose David Moreno**, 5th Cir N0. 23-40067 (in Cert. to the US Supreme Court, filed by Relator Mr. Flores) the USA Citizen was targeted by the criminal organization Los Chivatos sponsored by the US Consulate at Monterrey Mexico, in vengeance for Petitioner Moreno successful business abroad, proceeded to vandalize his trucking company and steal over $70,000.00 in cash from Moreno´s office, while falsely charging Moreno of being leader of the CDN Cartel (Northern Cartel Drugs). 3 years elapsed since his arrest and seizure. Despite said Petition Respondents refuse to release Moreno, despite the arrest and seizure of the real leader in USA v. Chavez AKA Huevo, Supra.

In **Matter of Luis Gerardo Siller Gonzales** A 205 848 656 in addition to the Motion to Reopen Immigration Proceedings filed before the Immigration Court Harlingen Texas and DHS ICE OLA challenging Petitioner statutory right under Section 101(a)(15)(B)(1)(C)(1). Petitioner Gonzales not solely has been deprived of his statutory right of due process but also the US Consulate in flagrant abuse of discretion and abuse of office denied his wife and children of B1 Visa Application alleging a of drug conviction, to which Petitioner never ever has been even arrested. Neither possesses a Misdemeanor conviction under any provision of State or Federal Law.

In **Matter of Maribel Gonzales**, Petitioner works for a binational trucking company during her entire productive life and is native from Nuevo Laredo, Tamaulipas Mexico, despite her unrelinquished admission and provision of the INA and 8 USC Section 101(a)(15)(B)(i)(C)(i) **[FN.9]** Petitioner was repeatedly humiliated, verbally assaulted, and arrested by Respondents DHS ICE, CBP, based on the customary capricious and deprived of her B1 status, while tampering the

record as a Beneficiary who was going to work into the USA. Despite record and documents of said Binational Trucking Company established in Mexico. demonstrating that Petitioner is a being paid by his Mexican employer in Mexico. The US Consulate at Nuevo Laredo in flagrant violation to said provision of the INA Section 101(a)(15)(B)(1)(C)(1). is continuously denying said immigration benefits based solely on Respondents false entry into the record and in flagrant ignorance of the INA. Clearly violating Federal Rule of Evidence in applying hearsay to Petitioners´ immigration cases. *USA v. Vicente Alvraado Valdez,* Supra. (based on the false statement given by Respondents DHS ICE and DEA Officers, Alvarado spent ten (10) falsely imprisoned of 3 consecutive 350 months sentence).

Respondents´ irrational and arbitrary fashion and mockery to Petitioners is again demonstrated in **Matter of Marisol Chairez Patiño** A 200 823 226, Chairez Patiño, is an attorney at law-member of a wealthy Mexican family and mother of 3 American Citizen children, who was admitted back on 2008, while landing at San Francisco International Airport, Petitioner was arrested, seized and deported without a fair Notice of Appear, despite the provision of 8 USC Section 12129a (b)(5)(C)(ii). Acting with maximum feasible diligence Petitioner has been

FN.9 _____

The term immigrant means every alien except an alien who is within one of the following classes of nonimmigrant aliens-

Section 101(a)(15)(B)(i). an alien (other than one coming for the purpose of study or of performing skilled or unskilled labor or as a representative of foreign press, radio, film or other foreign information media coming to engage in such vocation) having a residence in a foreign country which he has no intention of abandoning and who is visiting the United States temporarily for business or temporarily pleasure; and (C)(i) an alien in immediate and continuous transit through the USA, for a period no more than 29 days.

repeatedly mocked by US Consulates in Mexico, while using as excuse that Petitioner was deported back on 2010, at the time of her arrival to San Francisco California date in which Petitioner was visiting her current husband. Based on the customary lies, deception and brutality of Respondents. While Respondents are denying access to courts adducing that not pending case is at bar. See **Appendix A-2.**

Relator Mr. Reynaldo Flores is a Honduran National and International Lawyer, currently representing the interests of our immigrant community and political prisoners in the USA whether as a writ writer or pursuant the federal provision 42 USA Section 1988(c). since Relator´ forcible kidnapping, slavery, and false imprisonment at Respondents hands, Relator in the free exercise of his universal rights and Treaties has repeatedly condemning and requesting due process on 98% of false imprisonment of Respondents´ AG victims and requesting the US Embassy and US Consulate at Honduras to properly address these and serious matters of erroneous extradition process and false imprisonment of Honduran Nationals. Relator personally briefed countless of lawsuits of Respondents victims, finding [inter alios] the Honduran National Manuel Rivera at the Texas´ Gulag TDCJ, See **Appendix C-9 at Pp3**. See also **INA 101(15)(U)(i) [FN.10]**

**FN.10**_____

## INA; ACT 214-ADMISSION OF NON-IMMIGRATS

Requirements applicable to Section 101(a)(15)(U) VISAS-The Petition filed by an alien under Section 101(a)(15)(U)(i) shall contain a certification from a Federal, State, or local authority local law enforcement official, Prosecutor, Judge or other federal, State or local authority described in Section 101(a)(15)(U)(iii).

Relator also found in a metal cage at Cotulla, Texas the political prisoner Colton Lancaster, being used by Respondents´ criminal partners in the well known Roman Circus used by Respondents as form of entertainment and punishment to those political prisoners who refuse to participate in gang affiliation. ***Lancaster v. TDCJ IV Region, Obregon, et al.,*** 5:15cv265. See also **Farmer v. Brennan,**

The requirement for relief under Section 101(a)(15)(U)(iii) on Relator´ Petitions and suits are fulfilled. Relator has been actively assisting law enforcement officers in the prosecution of Respondents and their terrorist organization of sex-drugs and human trafficking cartel America´s Gulag. As noted on Appendix C-5-9. Relator not solely placed himself as a bait to successfully preserve in record the criminal operations of the offenders, *hostis humanis generis,* but also allowed Respondents to disclose their desperate and arrogant modus operandi, in ***Flores v. Texas***, Supra., [on the double jeopardy Misdemeanor illegally enhanced as result of concealment and destruction of Bady material evidence] in order to obtain material evidence of the human laboratories in USA Detention Centers giving rise to ***Flores v. TDCJ IV Region, SAPD, BCDA, et al.,*** Supra., (addressing inter alia, the denial of meals on weekends as a form of infliction of lethargy upon to our political prisoners and immigrants in Texas).

Relator while falsely imprisoned in Bexar County Jail [on the acquitted charges of Aggravated Kidnapping and Sexual Assault in 2012cr1969] assisted Federal Prosecutors and Federal District Judge Chief, Orlando Garcia in the prosecution of Respondents´ criminal partners ***Bexar County Judge Angus McGuity in USA v. Angus McGuity; Texas v. The Sex Offender SAPO, Jack Len O´neal***. Relator also denounced the inhumane conditions of the America´s Gulag in which our political prisoners are being feed with leftovers and swine/dog food.

**Respondent US Secretary of State Failure to Prevent.** Pursuant the DOJ CRM Relator has repeatedly transmitted to Respondents [with copies to the Mexican Secretary of Foreign Affairs Mr. Marcello Ebrard Casaubon] *Brady Material* evidence of the modus operandi of respondents in USA and abroad, In Re Jose David Moreno, Supra, Respondents Anthony Blinken was furnished [by Relator] with a truly and correct copy of the Petition for Writ of Mandamus containing pictures and gross violation of human rights committed by "Los Chivatos" individuals hired by Respondents AG; DEA and Consulates abroad to kidnap foreign nationals abroad based on capricious and conclusory statements while authorizing robberies and brutal punishments, despite Mexican jurisprudence prohibit such evil and abolished practices. Said Petition transmitted to Respondent Blinken contains Appendix A-M showing Respondents´ evil practices and physical punishments among rapes, robberies, murders, committed by Respondents or orchestrated by Respondents, once their victims try to defend themselves. As noted In Matter of Cuauhtemoc Palma Salazar. *Infra.*

Respondent Anthony Blinken, acting with callous indifference for Petitioners´ clear established rights having knowledge and being repeatedly notified by Relator Human Rights Reporter about Respondents´ modus operandi and gross violation of civil and human rights inflicted upon Petitioners and other innocents not solely refuse to prevent but also is acting in chain conspiracy with Respondents by interfering with Civil Rights. 42 USC Sections 1985-1986. ***Bell v. City of Milwaukee,*** 746 F.2d 1205 (7th Cir. 1984). Mexican Government AMLO and Secretary of Foreign Affairs are fully aware of said deprivations. See **Appendix G-21 at Pp 3.**

**Respondents US Marshalls. In USA v. Cuauhtemoc Palma Salazar,**

38.

Supra. Respondents US Marshalls received a direct and written order from the US **District Judge Jonh F. Walter,** to remove any evidence or arrest warrant issued against Petitioner Cuauhtemoc Palma Beltran. Since Petitioner has been erroneously targeted as a wanted fugitive, the real offender was murdered back on May 2010 by Respondents at the Mexican State of Sinaloa, once Respondents tried to kidnap Salazar and successfully murdered his instigators in the free exercise of his universal rights to defend himself.

Respondents acting as last decision makers, trying to justify their customary illegal conduct and abuse of office targeted the Federal Attorney at law and entrepreneur Petitioner Cuauhtemoc Palma Beltran and his American Citizen family and or Unrelinquished admitted family members, charging them of being members of a Cartel only existing on Respondents´ minds and fantasies. Or operated by themselves as noted in ***Alvaro Casillas Villarreal v. USA.,*** 2:2022cv09069, Case in which DEA Officers [assigned to Guadalajara, Jalisco Mexico] acting on Respondents´ behalf induced Casillas Villarreal to deliver US$490,000.00 Dollar at the American Mall at New York City. Once Casillas delivered the money to the Panochudos Gangsters Respondents, Casillas was arrested and charged by Money Laundering. Clearly an orchestrated entrapment pursuant ***Jacobson v. USA.***

Respondents US Marshals are acting with callous indifference for Petitioner´ Palma Beltran and family members´ rights by violating Petitioner´ clear established rights under First Amendment right to be free of false light, slander. While depriving Petitioners of financial means legally gained from their reputable genuine Law Firm and legal business at the wealthy city of Monterrey Mexico.

39.

## X. FACTS NECESSARY TO UNDERSTAND THE ISSUES PRESENTED

Clearly an unequivocally the only available legal venue at this time for Petitioners is this Petition for Writ of Mandamaus and Prohibition. Petitioners, legal representative and sponsors have exhausted all available legal remedies, receiving as response threats of assaults, arrest on false allegations, robbery of assets and financial means, rape of family members and children, maim or murder in retaliation and vengeance for Petitioners free exercise of clear established rights and Treaties. *Siggers El v. Barlow,* 433 F. Supp. 2d 811 (E.D. Mich. 2006).

This case and Petitions stems from Respondents´ desperate financial cliff, as noted on every single Respondents´ action and clear established modus operandi. Respondents are targeting their vulnerable victims in a premeditated fashion classifying their victims as Class B-C citizens or immigrants. On weekly basis Respondents hunt their victims naming them as ATM Machines or Cash Points, knowing that our community and Petitioners are hardworking people and successful entrepreneurs. Once Petitioners are arrested on fabricated charges or planted evidence, Respondents immediately proceed to embezzle their victims´ assets, while stealing their victims´ cash, in order to make Petitioners´ dependable of appointed lawyers loyal to Respondents. See **Appendixes C-7 at Pp. 1-3,10.**

As noted in USA v. Bexar County Judge Angus McGuinty, and USA v. Acevedo. These offenders operated for decades a human trafficking cartel, consented by Respondents, releasing dangerous criminals in Texas while sending to prison thousands of innocents.

And established in Flores v. TDCJ, et al Supra., despite acquittal in 2012cr1969, Respondents bar their victims of the free exercise of rights by

40.

harassing, stalking, assaulting, raping, maiming or even murdering, Petitioners and family members and later claim *res judicata* or untimely filed Petitions and suits. *Lozano v. Garland,* was Denied based on a late filing of Notice of Appeal, which in fact Respondents I.J. Lumpkin Georgia never served on Petitioner' mailing address. Flores v. TDCJ, was Denied based on Respondents' fraudulent failure to provide certified administrative record.

Respondents' fraudulent and inequitable conduct are just a repeatedly statement and cause of action enunciated in *Bell v. Milwaukee,* supra. since Respondents are granted absolute immunity by District Courts despite the provision 28 USC Section 1350, there is no available remedy rather than the exhaustion of this Petition of Writ of Mandamus and subsequent prosecution of the offenders in the International Court of Justice.

*In sum.,* Respondents are acting as last decision makers on every proceeding while baring Petitioners of relief on every immigration proceeding and civil action. With the solely purpose to violate Petitioners' clear established rights to be free of double jeopardy and cruel and unusual punishment by embezzling Petitioners and families of their statutory rights to access to Social Security Benefits and funds, and keep financing Respondents' criminal operations and gross violation of civil and human rights.

Respondents financial and desperate bankruptcy is even more evident by the customary robberies and forcible kidnappings of victims currently scaping abroad from Respondents' evil actions. See **Appendixes C-11;D-12; G-21.**

USA and International law mean nothing for Respondents, for which this court should GRANT relief on this Petition for Writ of Mandamus and Prohibition.

41.

**A. Respondents & RICO Act violation. The Racketeer Influenced and Corrupt Organization of 1970.** The RICO Act targeted the mafia, ensuring the leaders of these syndicates could be held responsible for up to 35 crimes, including murder, gambling, extortion, robbery, drug dealing and money laundering.

The aforementioned Respondents´ illegal actions clearly amount civil and criminal liability on Respondents. As noted in *USA v. Guadalupe Treviño,* N0. 14-40770 (5th Cir. 2015) (the Appellate Court affirmed Hidalgo County Sheriff, Treviño´s drug trafficking conviction and sentence)

Respondents acting in chain conspiracy are orchestrator of heinous crimes perpetrated against Petitioners. **18 USC Section 1961**-Definitions.

Section 1962 (a)-(d) starts its provision with the statement ¨it shall be unlawful for any person¨ any person including Respondents. *USA v. TRUMP* (1:23-cr-00252) (DDC).

**B Petitioners´ Motion to Reopen Immigration Proceedings.** Before addressing this sensitive and ambiguous issue, its imperative to note that all motions to reopen in this Petition have been sponsored and filed by Relator Human Rights Reporter Mr. Reynaldo Flores. With that in mind it is clear that Petitioner will not hire any corrupted lawyer in USA or any licensed member of the RICO Organization America´s Gulag.

Motion to Immigration Proceedings is the statutory provision of the INA Section 1229a(c)(7). *Reyes Mata v. Lynch,* 576 US 143 (2015) (holding that a federal court has a virtually unflagging obligation to assert jurisdiction where it has that authority) citing *Kukana v. Holder,* 558 US 233. (Nothing about the jurisdiction changes where the BIA rejects a motion to reopen as untimely or its

42.

rejects a motion requesting equitable tolling of the time limit.

Motion to Reopen is not confined to Respondents' capricious. Even though might be filed *sua sponte* by the immigration court last ruling in the case.

In the instant case the jurisdiction of the Immigration Court has been evoked on every Motion to Reopen, in Matter of Marisol Chairez Patiño, and Matter of Luis Gerardo Siller Gonzales, the jurisdiction is governed by ***Pereira v. Sessions,*** Supra. since Respondents DHS ICE CBP Officers acting on AG behalf failed to provide the required NOA Notice of Appear, despite both Petitioner furnished a mailing address [which is the same mailing address at this time] of Petitioner Chairez' Brother-in-law. and former mailing address of Petitioner´s husband.

Due process requires notice of an immigration hearing that is reasonable calculated to reach the interested party. see ***Khan v. Ashcroft,*** 374 F.3d 825, 828 (9th Cir. 2004). If Petitioners do not receive actual or constructive notice of deportation proceedings, it would be a violation of their rights under the Fifth Amendment of the US Constitution to deport them *in absentia.* Andia, 359 F.3d at 1185.

In the instant case, none of Petitioner received a Notice of Appear. Respondents simply deported Petitioners proceeding to tampering the record based on whatever fabricated offense.

In ***Hamazaspyan v. Holder,*** 590 F.3d 744, 749 (9th Cir. 2009) the court held, that serving a hearing notice on an alien, but not on the alien´s counsel of record, is insufficient when the alien´s counsel of record has filed a notice of appearance with  the immigration court.....

43.

Relator was informed by Petitioners that none of their Motion to Reopen was being docketed, for which Relator moved the Immigration Court to enter Default Judgement. See Fed R. Civ. P. 55. Respondents returned all mail with a notation that no case was pending before the immigration courts…respectively. Of course, is **Motion to Reopen not a Motion to Close up!!!!!!**

In **Matter of Luis Ernesto Garcia,** the Immigration Judge Daniel Santander, properly entered Default Judgment on Petitioner´s behalf since 11 months elapsed and the DHS ICE Office of the Chief Counsel never file opposing brief.

## PETITIONER CHALLENGED ACTION

a.  Petitioner argues that Respondents violated their fundamental and Constitutional guarantee of Due Process secured by the First, Fifth and Fourteenth Amendment of the USCA and Treaties. ***Lynch v. Canatella,*** 810 F.2d 1363 (5th Cir. 1987) in ***Lynch*** sixteenth Jamaican stowaways claimed that they were abused while in custody of the New Orleans Harbor Police. For ten days they were loocked in a short term detention cell without beds, mattresses, pillows or heathers. Defendants kept them handcuffed and force them to work while shackled. The police hosed them down with fire hoses, beat them, shot them with stun gas, and lock them in shipping containers….. the Defendants argued that inadmissible aliens have virtually no Constitutional rights. *The Fifth Circuit disagreed,* and ***held,*** that due process protects persons whether or not they are citizens or legal residents.

Contrary to *Lynch, Petitioners* are legal admitted, paroled, LPR, or American Citizens possessing high liberty interests in the USA. Therefore entitled to meaningful due process of law. 8 USC Section 1229a (b)(5)(C)(ii). ***Reyes Mata v.***

44.

*Lynch*, Supra. in Reyes Mata an inadmissible alien exercised his statutory right to due process and claimed equitable tolling of the 90-day time limit claiming extraordinary circumstances preventing his timely motion.

Case by case, without any doubt Petitioners are persons within the meaning of the Fourteenth Amendment USCA.

Let give a fair opportunity to Respondents´ fraudulent inequitable conduct. Respondents will benefit from a presumption of effective delivery if Notice of Hearing was properly addressed, had sufficient postage, and was properly deposited in the mails *Busquets Ivars v. Ashcroft,* 333 F.3d 1008, 1010 (9th Cir. 2003). See a Notice which fails to include a proper zip code is not properly addressed.

**b. Petitioners are entitled to Equitable Tolling and seek recission of removal.** All Petitioners in this matter are entitled to relief under **8 USC Section 1229a(b)(C)(ii).** An individual placed in reinstatement proceedings under Section 1231(a)(5) can not as general rule challenge the validity of the prior removal order in the reinstatement proceedings itself. But she/he retains the right, conferred by Section 1229a(b)(5)(C)(ii), to seek rescission of a removal *in absentia,* based on the lack of notice, by filing a motion to reopen at ¨*any time*¨ *Miller v. Sessions,* 889 F.3d 998, 1002-03 (9th Cir. 2018) (holding that 8 USC Section 1231(a)(5), which precludes reopening of a reinstated removal order where the non-citizen leaves the USA while under of removal and then reenters illegally, does not bar immigration judges for entertaining a motion to reopen based on the lack of notice under Section 1229a (b)(C)(ii).

Petitioners are simple exercising their statutory right conferred by Section

45.

1229a(b)(C)(ii), in which all petitioners were removed without a notice of hearing. Despite all evidence and record demonstrate that Petitioner were bona fide visitors-investors LPR or American Citizens.

**CFR Section 404.464.** Petitioners One Million Jane Does and John Does, current or formerly Legal Permanent or Conditional Residents of United States and USA Citizens, challenge the Constitutional vagueness of CFR Section 404.464, as violative to both Double Jeopardy and Cruel and Unusual Punishment of the 5th and 8th Amendments USCIS. The denial of Social security Benefits is a sum of savings gained by Petitioners entire productive life. As noted in Matter of Jose Reyes Lujan Treviño, an abroad citizen of the United States, as a child of the American citizen Maria de Jesus Treviño, initially admitted as a LPR. While possessing over 30 years of legal admission being entitled to a certificate of citizenship, Respondents orchestrated the robbery of Petitioner´s millionaire assets, from his companies, and lacking enforcement and with evil purpose to deny Petitioner Social Security Benefits, orchestrated a deportation proceeding in order to punish Petitioner by sentencing him to the exile with empty hands. Said proceedings lacked any compulsory process as demonstrated on Se4ptember 14th 2022, and again before Respondents BIA who refuse to rule on Petitioner´ Appeal filed back on September 22d 2022.

Said customary violation to both 5th and 8th Amendment has been demonstrated on several litigations promoted by the International Legal Office of the Human Rights Reporter and Petitioner Reynaldo Flores. Respondents are targeting their vulnerable immigrant-victims and elder American citizen by using the unconstitutional vagueness of both INA and CFR Section 404 to justify their outrageous conduct and violation to the US Constitution.

46.

**Petitioners are Entitled to be Free of Double Jeopardy & Cruel and Unusual Punishment.** The double Jeopardy Clause of the Fifth Amendment and Treaties. we need to keep in mind that most of Petitioners are legally admitted individuals, whether as B1-B2, LPR or American Citizens. For reasons stated in *United States v. Halper,* 490 US 435 (1989) Respondents clearly are violating Petitioners´ Double Jeopardy Clause.

We are not challenging any false conviction at this time, rather that the Respondents´ wanton infliction of Double Jeopardy and Cruel and Unusual Punishment. In *Halper,* the Supreme Court held, the statutory penalty authorized by the Act, as applied to Halper, violates the double jeopardy Clause. Pp 490 US 440-452.

Penalty sought in a subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualifies as "Punishment" in the plain meaning of the word, the defendants [in Halper] is entitled to an accounting of the Government´s damages and costs in order to allow the trial court, in it discretion, to determine whether the penalty violate the Clause and to set the size of the civil sanction the Government may receive without crossing the line between permissible remedy and prohibited punishment.

Judging by facts and material evidence, Respondents crossed the line of said permissible remedy and prohibited punishment. *First,* Respondents underlying proceedings are fraudulent as noted Appendixes C, in Ex Parte Rivera, Petitioner is being victim of a crime, Respondents instead to punish the instigator assailant, proceeded to inflict the brutal assault to Petitioner and housed Rivera in Bexar County Jail, instead to provide medical attention. Same customary evil and

47.

abolished practices are repeatedly used on every Petitioner´s case as well on every prosecution lacking *indicia* probable cause and **Second**, Petitioners´ legals admission into the USA is not waivable simply because Respondents are financially broken. Most of elders Petitioners are dying in inhumane conditions abroad being arbitrary and prohibited punished by Respondents based solely on the unconstitutional vagueness of CFR Section 404.464.

in ***Reynaldo Flores v. USA,*** Relator represented himself in a malicious Ex Post Facto proceeding, in which Relator after spent 4 years false imprisoned, on the underlying double jeopardy Misdemeanor illegally enhanced and continuous violation to due process, Respondents tried to punish Relator in vengeance for his advocacy on Petitioners´ behalf. While Petitioner was taking his children out of the USA in order to seek medical attention for the minors, after Respondents repeatedly raped and tortured Petitioners´ infant children, erased since 2011.

Petitioners are entitled to be free of Ex post Facto Law. Art. I Sections 9,10 USCA. ***Beazell v. Ohio,*** 269 US 167 (1965).

***Finally,*** **Petitioners argue that Respondents violated the United Nations Convention Against Torture and Other Cruel and Inhuman Degrading. Articles 1.1 and 3.1.**

Clearly the instigators Respondents are pretending to ignore the heinous crimes committed against Petitioners and their families. After illegally confine and torture Petitioners and inflict the customary punishment and brutality, Respondents proceed to tampering the record in order to violate a due process and bar Petitioners to legally return into the USA, knowing that Petitioner and their American citizen families will not hesitate to make any inhuman effort to obtain

48.

justice. As in **Matter of Alvardo Galvan,** his beautiful and faithful wife Ashly Ann Alvarado did not hesitate to cross the US MX Border with her two infant children and live in crossfire for the last 13 years in order to avoid Respondents trade her children as sexual slaves in the USA.

## XI. REASON WHY THE WRIT SHOULD BE ISSUED

### a. Respondents Duties are Ministerial-Mandatory not Discretionary.

1. For years Respondents have been mocking our community and acting as last decision makers, submitting Petitioner to humiliation, deprivation of assets, robberies of money while arresting Petitioners, false imprisoning, coercing and Petitioners to take responsibility for fabricated offenses, torturing-forcing Petitioner to involuntary servitude without compensation, [while being pre-trial detainees] while convicting Petitioners to draconian sentences without compulsory process and acting in collusion to impose consecutive punishment and civil commitment of deprivation of Social Security Benefits and contributions earned on Petitioners´ entire productive life. Violating Petitioners´ clear established Statutory-Constitutional rights and Treaties.  While falsely entering into the record allegations or crimes committed by Respondents. All with the evil purpose to deny Petitioners´ B1 B2 U Visas based on the underlying false and fraudulent proceedings. **Appendix E-15.** Therefore;

The court should intervene now to secure due process preventing the continuous deprivation of Petitioners clear established statutory rights under INA Section 1229a (C)(7) which provides a mandatory legal venue to reopen an immigration proceeding in which the jurisdiction having administrative record of the said proceedings is compelled to do so. **8 USA Section 1003.23(b)(i)(ii).**

2. Respondents´ errors are irremediable and intentionally delayed for years, solely intended to discourage Petitioners to abandon their Petitions and suits. As noted on Appendices A-G every Petitioner is acting with maximum feasible diligence being mocked by Respondents while denying Petitioners due process and access to courts.

3. the wanton infliction of Cruel and Unusual Punishment is demonstrated by the callous indifference for Petitioners´ rights and Treaties which prohibit Respondents gross violation of civil and human rights.

4. No other venue exists at this time in the United States Court system, rather than the issuance of this Petition for Writ of Mandamus and Prohibition. Pending prosecution of Respondents before the International Court of Justice. See, **U.N. Universal Declaration of Human Rights. Art.1-30.**

5. The institution of a Bivens´ Action is totally apart of the relief sought on this Petition for Writ of Mandamus and Prohibition, which solely would provide relief on some of Respondents breaches. As noted in the underlying Appeal and Petition in ***Jose Reyes Lujan Treviño v. Gutierrez, DHS ICE, CBP, Thanos, Social Security Administration, et al,*** 5th Cir. N0. 22-40229.

50.

## XII. CONCLUSION AND PRAYER FOR RELIEF

Judging by the facts and evidence presented a ***zone of interest*** requirement has been satisfied by Petitioners in this Petition and suit.

This Petition and suit is being filed in order to exhaust all legal remedies in US Courts as noted in Lozano v. Garland; Lujan Treviño v. DHS ICE Immigration Judges; Flores v. Lynch, et al., before move these claims before the International Court of Justice.

For the foregoing compelling arguments and reasons;

1. Petitioner prays this US District Court to construe this Petition and as a Class Action pursuant to Fed. R. Civ. P. 23; 28 USC Section 1350 **[FN.11]** and Bivens´ Action pending Amended Complaint [order] due to the flagrant gross violation of civil and Human Rights perpetrated against millions of Petitioners-Plaintiffs.  Absent relief on the already exhausted legal remedies on the Federal District Courts and Appellate Courts 5th, 9th, 11th Circuit Court of Appeals, et seq.,

**FN.11**_____

**28 USC Section 1350 Aliens´ Action for Tort,.** Provides in pertinent part;

 **Section 2. liability.- an individual who, under actual or apparent authority, or color of law, of any foreign nation-**

   **(1)** Subjects an individual to torture shall, in a civil action, be liable for damages to that individual; or

   **(2)** Subjects an individual to extrajudicial killing shall, in a civil action, be liable for damages to the individual´s legal representative, or to any person who be a claimant in an action for wrongful death.
   (b) Exhaustion of Remedies.- a court shall decline to a claim under this section if the claimant has not exhausted adequate and available remedies in the place in which the conduct giving rise to the claim occurred.

   **(c) Statutes of Limitations.-** no action shall be maintained under this section unless it is commenced within 10 years after the cause of action arose.

51.

filed by Realtor Mr. Flores. ***Martinez v. City of Los Angeles,*** 141 F.3d 1373 (9th Cir. 1998).

2. Petitioners prays the court to compel Respondents Immigration Courts and DHS ICE acting on Respondent Attorney General:

-to promptly rule on Petitioners' Motion to Reopen Immigration Proceedings

-Petitioner Cuauhtemoc Palma Beltran prays the court to compel the Immigration Court Los Angeles District to promptly rule on his Motion to Reopen Immigration Proceedings

-Petitioner **Francisco Lozano** prays the court to compel the Immigration Court Lumpkin, Geogia to promptly rule on his timely filed Motion for Reconsidered filed on May 2022, and produce the US Postal Postage receipt of Service upon Petitioner's mailing address on the illegal proceedings in Matter of Francisco Lozano and Motion to Reopen.

- Petitioner **Jose Luis Vazquez Reynoso** prays the court to compel Respondents Immigration Court I.Js. San Antonio District to promptly rule on his timely filed Motion to Reopen Immigration Proceedings filed on September 15th 2021.

-Petitioner **Luis Gerardo Siller Gonzales prays** the court to compel Respondents Immigration Court Harlingen District to promptly rule of his Motion to Reopen Immigration Proceedings.

- Petitioner **Maribel Gonzales** prays the Immigration Court Laredo District to Promptly rule on her Motion to Reopen Immigration Proceedings.

- Petitioner Marisol Chairez Patiño prays the court to compel the Immigration Court San Francisco California to promptly rule on her Motion to Reopen Immigration Proceedings.

52.

2. Petitioner Cuauhtemoc Palma Beltran and family pray the court to compel Respondent US Marshalls Los Angeles California to obey the **Federal Judge John F. Walter** direct order to correct record and dismissed false allegation against Petitioners Palma Beltran.

Compelling the US Consulate at Monterrey City, Mexico to correct any false entry into the record targeting and depriving of due process to Petitioner Cuauhtemoc Beltran Perez and family members. Depriving Petitioners of B1-B2 benefits.

3. Pursuant the ***Halper Test,*** Petitioners Lozano, Palma Beltran, Treviño, Vazquez Reynoso, one million Jane/John Does pray the court to enter judgment finding the unconstitutional vague CFR Section 4504.464 violative to the Double jeopardy Clause as excessive punitive and also violative to the Cruel and Unusual Punishment of the 5th and 8th USCA respectively. Also violative to the U.N. universal Declaration of Human Rights and CAT.

4. Petitioner Relator Mr. Reynaldo Flores acting on behalf of himself and countless of Petitioners Central American Citizens and Petitioner Manuel Rivera prays the court to compel the US Consulates at Nuevo Laredo, Monterrey City, Mexico and Embassy at Tegucigalpa, Honduras to provide due process and relief on the former or current Petitions U-Visa Applications as victims of International Terrorism, Aggravated, Kidnapping, Torture, Aggravated Assault, inter alios. At Respondents hands as demonstrated on the Appendices A-G.

5. Petitioner Salvador Alvarado Galvan and his American Citizen wife pray the court to compel the USCIS and US Consulate Ciudad Juarez, Mexico to

provide due process and relief on their current USCIS I-130 as applying the INA statutes in lieu, and precedent I Peña Diaz v. INS. Supra. as Petitioners´ good moral character, and family unit provision enunciated In Re Kao & Lin.

-Petitioner Salvador Alvarado Galvan prays the court to compel the Immigration Court Omaha Nebraska to provide due process in the current Motion to Reopen pursuant to 1229a (c)(7)(A)

6. Petitioner Marisol Chairez Patiño and her American Citizen husband Juan Carlos Chavez Talavera pray the court to compel the USCIS and US Consulate Ciudad Juares Mexico to provide due process on the current Petition Alien Relative USCIS I-130 and relief pursuant the Supreme Court holding in ***Pereira v. Sessions,*** Supra.

7. Pursuant the federal provision 42 USC Section 1988(c) Petitioners and Relator pray the court Grant Expert fees and costs in this matter taxable to Respondents-Defendants.

8. Any relief the court deems fair, just and equitable.


In abeyance of relief sought. Respectfully submitted:


_____                    _____
Cuauhtemoc Palma Beltran                      Cuauhtemoc Palma Perez
Petitioner Pro Se                                  Petitioner Pro Se
6541 Cereus Ct.                                    6541 Cereus Ct.
Laredo, Texas 78043                              Laredo, Texas 78043
Ph # (956) 6292811                               Ph # (956) 6292811

Francisco Lozano
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph # (956) 6292811

Jose Luis Vazquez Reynoso
Petitioner Pro Se
6541 Cereus Ct,
Laredo Texas 78043
Ph # (956) 6292811

Jose Reyes Lujan Treviño
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph# (956) 6292811

Luis Gerardo Siller Gonzales
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph # (956) 6292811

Maribel Gonzales
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph # (956) 6292811
Ph # (210) 6093593

Marisol Chairez Patiño
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph # (956) 6292811
Ph # (210) 6093593

55.

Reinaldo Flores
Petitioner/Relator Pro
6541 Cereus Ct.
Laredo Texas 78043
Ph # (956) 6292811
Ph # (210) 6093593
Email. proselitigants1972@gmail.com

Salvador Alvarado Galvan
C/O Ashly Alvarado
P.O. Box 605
Laredo Texas 78041

56.

## XIII. CERTIFICATE OF SERVICE

Petitioners and Relator certify under penalty of perjury that the foregoing instrument Petition for Writ of Mandamus and Prohibition and Appendixes A-G and filing fee are true and correct and were transmitted to the Clerk of the United States for the District Court of Columbia 333 Constitution Avenue, N.W. Washington DC 20001. With copy to Respondents and Respondents´ Attorneys of record as mentioned on the Certificate of Interested Persons in this Petition, via U.S. Postal Service First Class pursuant to 28 USC Section 1746 and 28 USC Section 1608, pursuant to Rule 4(j)(1) of Federal Rule of Civil Procedure via Summons.

Dated and filed on this the 14th day of October 2023.


_____
Cuauhtemoc Palma Beltran
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph # (956) 6292811

_____
Cuauhtemoc Palma Perez
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph # (956) 6292811


_____
Francisco Lozano
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph # (956) 6292811

_____
Jose Luis Vazquez Reynoso
Petitioner Pro Se
6541 Cereus Ct,
Laredo Texas 78043
Ph # (956) 6292811

57.

Jose Reyes Lujan Treviño
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph# (956) 6292811

Luis Gerardo Siller Gonzales
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph # (956) 6292811

Maribel Gonzales
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph # (956) 6292811
Ph # (210) 6093593

Marisol Chairez Patiño
Petitioner Pro Se
6541 Cereus Ct.
Laredo, Texas 78043
Ph # (956) 6292811
Ph # (210) 6093593

Reinaldo Flores
Petitioner/Relator Pro
6541 Cereus Ct.
Laredo Texas 78043
Ph # (956) 6292811
Ph # (210) 6093593
**Email.** proselitigants1972@gmail.com

Salvador Alvarado Galvan
C/O Ashly Alvarado
P.O. Box 605
Laredo Texas 78041

58.